NOT DESIGNATED FOR PUBLICATION

No. 113,002

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

STANLEY TIPPS,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DOUGLAS R. ROTH, judge. Opinion filed November 20, 2015. Affirmed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., BRUNS, J., and ROBERT W. FAIRCHILD, District Judge, assigned.

*Per Curiam*:  Stanley K. Tipps appeals the district court's denial of his motion to correct an illegal sentence following his conviction of driving under the influence (DUI). For the reasons stated herein, we affirm the district court's judgment.

On July 16, 2012, Tipps pled guilty to one count of DUI, a nonperson felony. On August 30, 2012, the district court sentenced Tipps as a third-time offender to 365 days in jail with 12 months' postrelease supervision and imposed a $1,500 fine. Tipps did not timely appeal his sentence.

1

On July 2, 2014, Tipps filed a motion to correct an illegal sentence pursuant to *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified* by Supreme Court order September 19, 2014, *overruled by State v. Keel*, 302 Kan. ___, 357 P.3d 251 (2015). In his motion, Tipps challenged the classification of his pre-1993, in-state person felony convictions, including his convictions of robbery, aggravated robbery, battery, and endangerment of a child. Tipps argued that under the holding in *Murdock*, the challenged convictions should be scored as nonperson felonies for criminal history purposes. He did not explain how *Murdock* was applicable to a nongrid sentence for DUI in which his challenged convictions had no impact on his sentence.

On August 25, 2014, before ruling on Tipps' motion to correct an illegal sentence, Tipps was discharged from postrelease supervision. The district court released Tipps from any further obligations for his conviction, save any outstanding financial obligations which would simply revert to debt status.

On October 31, 2014, the district court held a hearing on Tipps' motion to correct an illegal sentence. After hearing arguments of counsel, the district court denied Tipps' motion, finding that the holding in *Murdock* applied only to pre-1993, out-of-state convictions. Tipps timely appealed from that ruling.

On appeal, Tipps claims the district court erred in denying his motion to correct an illegal sentence. Specifically, Tipps argues that the district court improperly found that *Murdock* only applied to pre-1993, out-of-state convictions.

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 (2013). In addition, whether a prior conviction is properly classified as a person or nonperson offense involves the interpretation of the Kansas

2

Sentencing Guidelines Act (KSGA). Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Murdock*, 299 Kan. at 314.

Tipps is not entitled to any relief in this appeal for three reasons. First, this appeal is moot. The record on appeal indicates that Tipps already had completely served his sentence and was discharged from postrelease supervision before the district court ruled on his motion to correct an illegal sentence. As a general rule, an appellate court does not decide moot questions or render advisory opinions. *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012). The mootness doctrine is not a question of jurisdiction; it is a court policy which recognizes that the role of a court is to ""determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive."" *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012). However, an appeal will not be dismissed for mootness, unless it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights. 295 Kan. at 840.

When the court corrects an illegal sentence, as Tipps is requesting, the defendant shall receive full credit for the time spent in custody under the sentence prior to correction. K.S.A. 22-3504(1). Here, Tipps already had completely served his sentence and was discharged from postrelease supervision before the district court ruled on his motion. Any actual controversy over Tipps' sentence has ended, and the only judgment that could be entered would be ineffectual for any purpose. As a result, Tipps' appeal from the denial of his motion to correct an illegal sentence is rendered moot.

The second reason Tipps is not entitled to any relief is because the *Murdock* decision upon which he relies never applied to DUI convictions where the defendant's sentence is not based on criminal history, other than prior DUI convictions. As Tipps

3

acknowledges in his brief, his criminal history score had no impact on his felony DUI off-grid sentence. Tipps was sentenced according to K.S.A. 2011 Supp. 8-1567(b)(1)(D), and whether his pre-1993, Kansas convictions of robbery, aggravated robbery, battery, and endangerment of a child were scored as person or nonperson offenses for criminal history purposes had no impact on the 365-day jail sentence he received for DUI.

The third reason Tipps is not entitled to any relief is because the *Murdock* decision upon which he relies has been overruled by *Keel*, 357 P.3d at 269. In *Keel*, our Supreme Court held that when designating a pre-KSGA conviction as a person or nonperson crime for criminal history purposes, the court must determine the classification of the prior conviction as of *the time the current crime of conviction was committed*. 357 P.3d at 269. Tipps' DUI was committed in 2011, and at that time the offenses of robbery, aggravated robbery, battery, and endangerment of a child were all classified as person felonies in Kansas. Thus, the district court did not err in classifying the prior convictions as person offenses for criminal history purposes.

Affirmed.

4