NOT DESIGNATED FOR PUBLICATION

No. 113,470

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

RICHARD L. LAWRENCE,
*Appellant.*


MEMORANDUM OPINION

Appeal from Sedgwick District Court; PHILLIP B. JOURNEY, judge. Opinion filed November 20, 2015. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., GREEN and HILL, JJ.


*Per Curiam*:  Richard L. Lawrence appeals the district court's denial of his motion to correct an illegal sentence. We granted Lawrence's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2014 Kan. Ct. R. Annot. 66). The State has filed a response and requested that the district court's judgment be affirmed.

On December 20, 2010, Lawrence pled guilty to one count of driving under the influence (DUI), a nonperson felony. On February 23, 2011, the district court sentenced Lawrence as a fourth or subsequent DUI offender to 6 months in jail with 12 months' postrelease supervision and imposed a $2,500 fine. Lawrence did not timely appeal his sentence.

1

On June 16, 2014, Lawrence filed a motion to correct an illegal sentence pursuant to *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified* by Supreme Court order September 19, 2014, *overruled by State v. Keel*, 302 Kan. ___, 357 P.3d 251 (2015). In his motion, Lawrence challenged the classification of his pre-1993, in-state person felony conviction of aggravated battery and his pre-1993, in-state person misdemeanor convictions of two counts of battery and one count of criminal restraint. Lawrence argued that under the holding in *Murdock*, the challenged convictions must be scored as nonperson offenses for criminal history purposes.

On December 9, 2014, the State filed a response to Lawrence's motion to correct illegal sentence. The State argued that the holding in *Murdock* did not apply to a DUI conviction. The State also argued that Lawrence's motion to correct illegal sentence was moot because Lawrence had completely served his sentence. On January 12, 2015, the district court filed an order denying Lawrence's motion to correct illegal sentence. Lawrence timely appealed.

On appeal, Lawrence claims the district court erred in denying his motion to correct an illegal sentence. Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 (2013). In addition, whether a prior conviction is properly classified as a person or nonperson offense involves the interpretation of the Kansas Sentencing Guidelines Act (KSGA). Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Murdock*, 299 Kan. at 314.

Lawrence is not entitled to any relief in this appeal for three reasons. First, this appeal is moot. The record on appeal indicates that Lawrence already had completely served his sentence and was discharged from postrelease supervision before the district court ruled on his motion to correct an illegal sentence. As a general rule, an appellate court does not decide moot questions or render advisory opinions. *State v. Hilton*, 295

Kan. 845, 849, 286 P.3d 871 (2012). The mootness doctrine is not a question of jurisdiction; it is a court policy which recognizes that the role of a court is to "determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive." *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 886 (2012). However, "[a]n appeal will not be dismissed as moot, unless it clearly and convincingly appears the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights." 295 Kan. at 840.

When the court corrects an illegal sentence, as Lawrence is requesting, the defendant shall receive full credit for the time spent in custody under the sentence prior to correction. K.S.A. 22-3504(1). Here, Lawrence already had completely served his sentence and was discharged from postrelease supervision before the district court ruled on his motion. Any actual controversy over Lawrence's sentence has ended and the only judgment that could be entered would be ineffectual for any purpose. Thus, Lawrence's appeal from the denial of his motion to correct an illegal sentence is rendered moot.

The second reason Lawrence is not entitled to any relief is because the *Murdock* decision upon which he relies never applied to DUI convictions where the defendant's sentence is not based on criminal history, other than prior DUI convictions. Lawrence's criminal history score had no impact on his felony DUI off-grid sentence. Lawrence was sentenced pursuant to K.S.A. 8-1567, and whether his pre-1993, Kansas convictions of aggravated battery, battery, and criminal restraint were scored as person or nonperson offenses for criminal history purposes did not impact the 6-month sentence he received for DUI.

The third reason Lawrence is not entitled to any relief is because the *Murdock* decision upon which he relies has been overruled by *Keel*, 357 P.3d at 262. In *Keel*, our

3

Supreme Court held that when designating a pre-KSGA conviction as a person or nonperson crime for criminal history purposes, the court must determine the classification of the prior conviction as of *the time the current crime of conviction was committed*. 357 P.3d at 262. Lawrence's DUI was committed in 2010 and at that time, the offenses of aggravated battery, battery, and criminal restraint were all classified as person offenses in Kansas. Thus, the district court did not err in classifying the prior convictions as person offenses for criminal history purposes.

Affirmed.