NOT DESIGNATED FOR PUBLICATION

No. 114,703

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CLIFFORD HOOD,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed June 9, 2017. Affirmed.

*Roger L. Falk*, of Law Office of Roger L. Falk, P.A., of Wichita, for appellant.

*Boyd Isherwood*, chief attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., LEBEN, J., and PATRICIA MACKE DICK, District Judge, assigned.

LEBEN, J.: Clifford Hood appeals from the district court's denial of his third habeas-corpus claim under K.S.A. 60-1507. A district court may dismiss or deny a second, third, or further habeas claim under K.S.A. 60-1507 unless the person shows exceptional circumstances warrant considering the claim. See K.S.A. 2016 Supp. 60-1507(c); *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013); Supreme Court Rule 183(d) (2017 Kan. S. Ct. R. 222). The district court found no exceptional circumstances and denied Hood's claim, and we affirm its judgment.

1

In 1998, a jury convicted Hood of raping D.H., his then-14-year-old daughter. The district court sentenced him to 356 months in prison. The following year, Hood was convicted of one count of aggravated indecent liberties and one count of aggravated criminal sodomy committed against H.M., a friend of his daughter who was 12 years old when the crimes took place. The district court sentenced Hood to 548 months in prison to run after he had served his sentence in the earlier case. In combination, Hood was sentenced to serve 904 months in prison.

Hood appealed both convictions to our court in a consolidated appeal, alleging several trial errors, including that the State had allowed a witness to offer false testimony. *State v. Hood*, No. 81,844, unpublished opinion filed June 2, 2000. We found no error and affirmed Hood's convictions. The Kansas Supreme Court denied Hood's petition for review. 269 Kan. 937 (2000).

After a defendant has completed the direct appeal, he or she can bring further challenges in habeas-corpus proceedings, which are initiated with a motion filed under K.S.A. 60-1507. Hood has filed three such motions over the years, and his third habeas motion is at issue in this appeal. Hood has not included the records related to the earlier motions in the record sent to us for review, so we summarize the earlier proceedings from our court's opinions.

In his first habeas motion, Hood's primary claim was that his trial lawyer had been ineffective. *Hood v. State*, No. 89,437, 2003 WL 22697570 (Kan. App. 2003) (unpublished opinion). He also alleged prosecutorial misconduct (which Kansas courts now call prosecutorial error) and that the State had not shared evidence favorable to the defendant with the defense in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). The district court denied his motion after conducting a

nonevidentiary hearing, during which the State and Hood's lawyer were allowed to present arguments. Hood appealed the denial to this court, claiming (1) that the judge who presided over his criminal trial should have presided over his K.S.A. 60-1507 motion and (2) that the district court failed to make sufficient findings. Our court affirmed the district court's denial after rejecting Hood's claims and independently determining that a review of the record showed Hood was not entitled to relief. 2003 WL 22697570, at *1-2.

In September 2004, nearly a year after we affirmed the denial of his first habeas motion, Hood filed his second one. *Hood v. State*, No. 94,890, 2006 WL 2661214 (Kan. App. 2006) (unpublished opinion). This time Hood claimed that the lawyers who represented him before the district court and on appeal in his first habeas motion were ineffective and otherwise raised issues similar to those raised in his first motion. The district court denied the motion after holding a nonevidentiary hearing, concluding Hood could not claim his lawyer on his habeas motion was ineffective in order to bring his prior motion back to life or to pursue a successive motion. On appeal, we concluded that the district court should have dismissed the motion as successive and an abuse of the habeas remedy because (1) Hood had failed to show any exceptional circumstances that had prevented him from raising the claims in his first habeas motion and (2) his second motion was merely an attempt to revive the claims in his first motion and to include additional issues he had attempted to raise after the district court's denial. 2006 WL 2661214, at *3.

In April 2015, acting without a lawyer, Hood filed a third habeas motion. Hood raised five issues: (1) that his trial lawyer was ineffective for failing to call favorable witnesses; (2) that the State had knowingly allowed a witness to testify untruthfully and concealed evidence favorable to the defense; (3) that the district court abused its discretion by allowing a surprise witness to testify; (4) that the court violated his constitutional rights when it allowed the jury to have a copy during deliberations of a

3

1990 journal entry documenting his earlier conviction for aggravated incest; and (5) that the prison sentence imposed was cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. Without holding a hearing, the district court denied the motion because it was successive and an abuse of remedy, noting that Hood had not alleged or established any exceptional circumstances that would justify considering the motion.

Hood then appealed to our court.

<u>ANALYSIS</u>

On appeal, Hood argues that the district court erred in concluding that he was not entitled to relief and that he had failed to show exceptional circumstances to justify considering his motion.

A district court may summarily deny an inmate's habeas motion without holding an evidentiary hearing when the court's file conclusively shows that the prisoner is entitled to no relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). When a district court does so, we conduct an independent review of the motion and case file to determine whether they do, in fact, conclusively show that prisoner isn't entitled to relief. 300 Kan. at 881.

Hood's claims fail due to a significant procedural hurdle—his motion is successive (his third) and he has failed to show exceptional circumstances that would warrant considering it. By statute, a defendant doesn't have a right to file more than one habeas motion for similar relief. See K.S.A. 2016 Supp. 60-1507(c). Because a person bringing a habeas motion is presumed to have listed all grounds for relief, a court doesn't need to consider a subsequent motion "in the absence of a showing of circumstances justifying the original failure to list a ground." *Trotter*, 296 Kan. 898, Syl. ¶ 2. Accordingly, a

4

district court may dismiss a second or successive motion unless exceptional circumstances justify considering it. See 296 Kan. at 904; *State v. Kelly*, 291 Kan. 868, 872, 248 P.3d 1282 (2011); Supreme Court Rule 183(d) (2017 Kan. S. Ct. R. 222). Generally, exceptional circumstances are unusual events or intervening changes in the law that prevent a defendant from having been reasonably able to raise all of the claimed errors in the first habeas proceeding. *Wimbley v. State*, 292 Kan. 796, Syl. ¶ 1, 275 P.3d 35 (2011). We note that Hood has not presented a claim of actual innocence in his brief in this appeal. See *Vontress v. State*, 299 Kan. 607, Syl. ¶ 8, 325 P.3d 1114 (2014) (noting that court should consider whether defendant has presented colorable claim of actual innocence when determining whether defendant has shown manifest injustice to allow an untimely habeas claim).

Here, since Hood had already filed two K.S.A. 60-1507 motions, he had to show exceptional circumstances to prevent the denial or dismissal of his third motion as successive and an abuse of remedy. See *Kelly*, 291 Kan. at 872. As the district court noted, Hood didn't point to any exceptional circumstances in his motion. On appeal, he claims that the ineffectiveness of both his trial and appellate lawyers constitute exceptional circumstances. But Hood raised the claim that his trial lawyer was ineffective in his first habeas motion and has not shown any unusual events or intervening changes in the law that prevented him from reasonably being able to raise all of the claimed errors in that motion. Because Hood's third K.S.A. 60-1507 motion is successive and he hasn't shown any exceptional circumstances, the district court correctly denied his motion.

The district court's judgment is affirmed.