NOT DESIGNATED FOR PUBLICATION

No. 115,711

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JAMES ROWELL,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Geary District Court; DAVID R. PLATT, judge. Opinion filed September 22, 2017. Affirmed.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Michelle L. Brown*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., PIERRON and BRUNS, JJ.

PER CURIAM: In 2003, James Rowell pled no contest to one count of attempted first-degree murder, one count of aggravated robbery, and one count of aggravated kidnapping. In 2014, he filed a K.S.A. 60-1507 motion. The district court summarily dismissed the motion as untimely. Rowell appeals, alleging the district court erred in dismissing his motion because it presented substantial issues of law and fact. We affirm.

On July 12, 2002, the State charged Rowell with one count of attempted first-degree murder, one count of aggravated robbery, one count of aggravated kidnapping, one count of conspiracy to commit first-degree murder, one count of conspiracy to

commit aggravated robbery, one count of conspiracy to commit aggravated kidnapping, and one count of possession of marijuana. The charges arose out of an incident in April 2002, in which Rowell and two codefendants carjacked a vehicle and kidnapped the driver, Michael Streeter, at gunpoint. The three codefendants took Streeter and the vehicle to Junction City. On the way, Rowell sat in the back seat with Streeter and held a gun to Streeter's head. Once they arrived in Junction City, Rowell and his codefendants ordered Streeter to get out of the vehicle. Someone pistol-whipped Streeter, and one of Rowell's codefendants hit Streeter multiple times with a machete. Streeter remembered that someone was strangling him before he became unconscious.

Rowell was 17 years old at the time of the crime, but the district court certified him for adult prosecution under K.S.A. 38-1636. On March 3, 2003, he pled no contest to one count of attempted first-degree murder, one count of aggravated robbery, and one count of aggravated kidnapping. On April 4, 2003, the district court sentenced him to 310 months' imprisonment. Rowell appealed, but the Court of Appeals dismissed the appeal for lack of jurisdiction because Rowell had received a presumptive sentence. *State v. Rowell*, No. 92,560, 2005 WL 824101 (Kan. App. 2005) (unpublished opinion) (*Rowell I*). The mandate issued on May 16, 2005.

On January 24, 2011, Rowell filed a pro se motion to correct an illegal sentence arguing the district court did not have jurisdiction to sentence him due to errors regarding his adult certification. The court summarily denied the motion. The Court of Appeals affirmed, finding that substantial competent evidence supported the district court's decision to certify Rowell for adult prosecution, and the court properly considered the statutory factors listed in K.S.A. 38-1636(e). *State v. Rowell*, No. 106,713, 2012 WL 4794652 (Kan. App. 2012) (unpublished opinion) (*Rowell II*).

On July 10, 2014, Rowell filed a pro se motion under K.S.A. 60-1507. He asserted eight grounds for relief: (1) trial counsel was ineffective for failing to advise him of his

2

potential sentences before entering the plea agreement; (2) trial counsel was ineffective for failing to object to judicial misconduct during sentencing; (3) trial counsel was ineffective for failing to appeal his adult certification; (4) he should be allowed to withdraw his plea because trial counsel did not advise him of his potential sentence; (5) trial counsel was ineffective for failing to investigate potential witnesses for his adult certification hearing; (6) trial counsel was ineffective for failing to present any evidence at the adult certification hearing; (7) the State violated due process by offering the affidavit of probable cause into evidence at the certification hearing; and (8) appellate counsel for Rowell's K.S.A. 22-3504 motion was ineffective for failing to raise every issue in his original motion on appeal.

Before ruling on the motion, the district court held a status hearing with the State and Rowell's appointed counsel. The court had appointed counsel to review Rowell's motion, but all parties present agreed the motion was untimely. The court summarily denied the motion, finding it had not been filed within the one-year time limit for K.S.A. 60-1507 motions. Rowell appeals.

When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). A defendant has one year from when a conviction becomes final to file a motion under K.S.A. 60-1507(a). K.S.A. 60-1507(f)(1). The district court may extend the one-year time limitation for bringing an action under K.S.A. 60-1507(f)(1) only to prevent a manifest injustice. K.S.A. 60-1507(f)(2). Manifest injustice must be determined from the totality of the circumstances. *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014). A defendant who files a motion under K.S.A. 60-1507 outside the one-year time limitation in K.S.A. 60-1507(f) and fails to affirmatively assert manifest injustice is procedurally barred from maintaining the action. *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013).

3

Rowell filed his K.S.A. 60-1507 motion nine years after his conviction became final. This is clearly outside the one-year time limitation for K.S.A. 60-1507 motions. Rowell did not affirmatively assert manifest injustice at the district court level. On appeal, he argues his claims amount to manifest injustice because they raise substantial issues of law or fact.

Effective July 1, 2016, the Kansas Legislature amended K.S.A. 60-1507, adding subsection (f)(2)(A), which states:

> "For purposes of finding manifest injustice under this section, the court's inquiry shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence. As used herein, the term actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2016 Supp. 60-1507(f)(2)(A).

A number of unpublished Kansas Court of Appeals decisions have held the amendment applies retroactively because it is procedural rather than substantive, and it only partially limits the inquiry for determining if manifest injustice exists. See, e.g., *State v. Phoenix*, No. 115,694, 2017 WL 1826048, at *3 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* June 5, 2017; *Olga v. State*, No. 115,334, 2017 WL 840296, at *2-3 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* April 3, 2017; *Perry v. State*, No. 115,073, 2017 WL 462659, at *3 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* March 2, 2017. Even if this court applies K.S.A. 2016 Supp. 60-1507(f)(2)(A) retroactively, Rowell has failed to allege manifest injustice. He has not provided a reason why he did not file this motion within the one-year time limit nor does he bring a colorable claim of actual innocence.

Even under the prior standard for manifest injustice, however, Rowell's claims still fail. In determining whether manifest injustice exists, courts previously could also consider whether the merits of the movant's claims raised substantial issues of law or fact deserving of the district court's consideration. See *Vontress*, 299 Kan. 607, Syl. ¶ 7. The record conclusively shows Rowell did not raise any substantial issues of law or fact.

*Trial Counsel's Representation at Rowell's Adult Certification Hearing*

Rowell's primary argument on appeal is that his trial counsel was ineffective at his adult certification hearing. Under K.S.A. 38-1636, the State may move to have the district court authorize adult prosecution for a juvenile offender. K.S.A. 38-1636(a)(1). Upon such a motion, the court must hold a hearing and rule on the motion before any further proceedings. K.S.A. 38-1636(c). In determining whether to prosecute a juvenile offender as an adult, the court considers eight factors:

"(1) The seriousness of the alleged offense and whether the protection of the community requires prosecution as an adult or designating the proceeding as an extended jurisdiction juvenile proceeding;

"(2) whether the alleged offense was committed in an aggressive, violent, premeditated or willful manner;

"(3) whether the offense was against a person or against property. Greater weight shall be given to offenses against persons, especially if personal injury resulted;

"(4) the number of alleged offenses unadjudicated and pending against the respondent;

"(5) the previous history of the respondent, including whether the respondent had been adjudicated a juvenile offender under this code and, if so, whether the offenses were against persons or property, and any other previous history of antisocial behavior or patterns of physical violence;

"(6) the sophistication or maturity of the respondent as determined by consideration of the respondent's home, environment, emotional attitude, pattern of living or desire to be treated as an adult;

5

"(7) whether there are facilities or programs available to the court which are likely to rehabilitate the respondent prior to expiration of the court's jurisdiction under this code; and

"(8) whether the interests of the respondent or of the community would be better served by criminal prosecution or extended jurisdiction juvenile prosecution." K.S.A. 38-1636(e).

Because Rowell was 17 years old at the time of the crime and the State charged him with a person felony and a felony committed while in possession of a firearm, Rowell was presumed to be an adult. K.S.A. 38-1636(a)(2)(A). At the hearing, he bore the burden of rebutting this presumption. K.S.A. 38-1636(a)(2).

The district court held a certification hearing on May 15, 2002. Ronald Hodgson represented Rowell at the hearing. Linda Barnes-Pointer was present at the hearing. She had been appointed as Rowell's counsel in the event the court chose to certify Rowell for adult prosecution.

During the hearing, the district court granted a recess to give Hodgson an opportunity to go over the charges in the State's second amended complaint with Rowell. After the recess, Hodgson called Rowell to testify. Rowell's mother was also at the hearing "in case there's some clarification that's necessary," though she did not testify.

Rowell told the court he was 17 years old and lived with his mother. He did not have a job prior to April 2002 and was completely financially dependent on his mother. He had dropped out of high school, but he had enrolled in an alternative school to complete his GED. Before being arrested, he had planned on going to the Job Corps. Rowell felt he was better suited for the juvenile system because he did not have a criminal record, and he had been a good citizen.

6

The State then called Sergeant Samuel Niemczyk. Niemczyk had written the affidavit of probable cause for Rowell's arrest. The State offered into evidence Niemczyk's affidavit as well as photographs Niemczyk had taken of Streeter's injuries.

After the presentation of evidence, both parties presented closing arguments. The court then continued the hearing in order to take the matter under advisement. On May 22, 2002, the court held another hearing to rule on the certification. The court found Rowell met the criteria for adult prosecution and was unable to rebut the presumption. The court found that factors (1), (2), (3), (4), (7), and (8) all favored adult prosecution because of the gravity and number of offenses charged and the manner in which they were committed. The court also found that Rowell had no previous criminal history, and the evidence did not weigh one way or the other as to factor (6).

Rowell asserts Hodgson was ineffective because he failed to investigate any defenses or rebuttal evidence, and he failed to present any rebuttal evidence at the adult certification hearing. To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) that the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, i.e., that there is a reasonable probability the outcome of the proceeding would have been different absent the deficient performance. *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014) (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]). If a defendant fails to establish prejudice, this court may deny relief without addressing the adequacy of counsel's representation. See 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed."); *Sola-Morales v. State*, 300 Kan. 875, 886, 335 P.3d 1162 (2014).

The decision on which witnesses to call is a strategic decision within the exclusive purview of counsel. *Bledsoe v. State*, 283 Kan. 81, 92, 150 P.3d 868 (2007). If counsel

has made a strategic decision after making a thorough investigation of the law and the facts relevant to the realistically available options, then counsel's decision is virtually unchallengeable. Strategic decisions made after a less than comprehensive investigation are reasonable exactly to the extent a reasonable professional judgment supports the limitations on the investigation. *State v. Cheatham*, 296 Kan. 417, 437, 292 P.3d 318 (2013) (citing *Strickland*, 466 U.S. at 690-91).

Here, Rowell claims Hodgson could have done more to rebut the presumption at his certification hearing. In his original motion, Rowell claimed Hodgson could have presented his mother, church members, his basketball coach, his neighbors, and the staff of his alternative school as witnesses in his defense at the adult certification hearing. On appeal, he does not argue Hodgson should have presented these witnesses, so he has abandoned this argument. *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016). Nonetheless, Rowell failed to proffer any testimony concerning his proposed witnesses in his original motion. In the absence of any proffered testimony, there is no way to determine if Hodgson erred in not calling these witnesses. See *Ziesenis v. State*, No. 101,003, 2010 WL 1253619 (Kan. App. 2010) (unpublished opinion) (holding there was no basis for finding trial counsel ineffective for failing to call proposed witnesses because defendant failed to proffer testimony).

On appeal, Rowell argues Hodgson erred by not calling an expert to testify. Because Rowell did not present this argument to the district court, it is not properly before us on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). Furthermore, he has failed to assert any prejudice. He only claims a psychologist or counselor could have determined whether he was more amenable to juvenile services or adult prosecution. He does not claim any such expert would have found adult prosecution inappropriate or that there is a reasonable probability such testimony would have changed the outcome of the hearing.

8

In his brief, Rowell invites comparison with *Mullins v. State*, 30 Kan. App. 2d 711, 46 P.3d 1222 (2002). The *Mullins* court found trial counsel was ineffective for failing to consult with or procure an expert witness in a child sexual abuse case. 30 Kan. App. 2d at 717-18. In *Mullins*, the defendant presented testimony from two expert witnesses: (1) a criminal defense attorney who stated reasonable trial counsel would have consulted with an expert in preparation for trial; and (2) an expert on the subject of interviewing child sex abuse victims who stated the victim's interviews were not reliable. In contrast, Rowell has not only failed to proffer testimony from his speculative expert, he has not even asserted any such testimony would have been favorable. Because Rowell has failed to establish prejudice, his claim regarding ineffective assistance of counsel at his adult certification hearing is without merit.

*Trial Counsel's Failure to Appeal Rowell's Certification*

Next, Rowell contends Pointer-Barnes, Rowell's counsel once he was certified for adult prosecution, was ineffective for failing to appeal his adult certification. Under K.S.A. 38-1681(a), an order authorizing prosecution as an adult is not appealable until after conviction. A defendant may appeal his or her certification even if he or she pled no contest. K.S.A. 38-1681(a)(1)(A). Pointer-Barnes filed a timely notice after Rowell's sentencing appealing "all adverse findings in the plea and sentencing" of Rowell's case. Thus, it appears she did in fact appeal his adult certification.

Rowell's claim may be better focused on his appellate counsel for failing to challenge his adult certification on appeal. To succeed on this claim, however, Rowell would have to demonstrate the appeal would have been successful. *Miller v. State*, 298 Kan. 921, 930-31, 934, 318 P.3d 155 (2014). This is unlikely because in *Rowell II* the court found substantial competent evidence supported the district court's decision to certify Rowell for adult prosecution. 2012 WL 4794652, at *3.

9

*Trial Counsel's Failure to Advise Rowell of Possible Penalties Prior to Entering Plea*

Finally, Rowell asserts Pointer-Barnes was ineffective because she failed to advise him of the possible penalties before he entered his plea and promised him a shorter sentence than he received. According to Rowell, he should therefore be allowed to withdraw his plea. To prevail on a claim of ineffective assistance of plea counsel, the defendant must show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's errors, the defendant would not have pled no contest and would have insisted on going to trial. See *State v. Kelly*, 298 Kan. 965, 969-70, 318 P.3d 987 (2014). The record shows Rowell is not entitled to relief on this claim.

Powell's plea agreement and the transcript of his plea hearing establishes that Rowell knew the possible penalties for his charged offenses and that the court was free to impose any sentence within the penalty range before he entered his no contest plea. Rowell's plea agreement listed the penalty ranges for his charges. In the agreement, Rowell acknowledged that he had discussed the possible penalties with trial counsel and that the district court was not bound by the agreement. At the plea hearing, the court explained the sentencing range to Rowell and explained it was not bound by the agreement. Rowell also agreed that no one had made any threats or promises to him in order to induce him to enter the plea. Additionally, Rowell did not contemporaneously object to his sentence and waited nine years before bringing this claim. See *Kelly*, 298 Kan. at 970-71 (finding colloquy with judge regarding possible penalties, lack of contemporaneous objection, and 12-year delay in bringing claim weighed in favor of finding defendant's ineffective assistance of plea counsel claim without merit). Thus, this claim fails.

*Abandoned Points*

Rowell raised several other arguments in his motion including: (1) trial counsel was ineffective for failing to object to judicial misconduct at his sentencing hearing; (2) the State's conduct at his certification hearing violated his rights to due process; and (3) appellate counsel for his K.S.A. 22-3504 motion was ineffective for failing to raise every issue on appeal that he raised before the district court. He does not raise any of these arguments on appeal. As such, he has waived and abandoned them. *Williams*, 303 Kan. at 758.

*Conclusion*

Rowell filed his K.S.A. 60-1507 motion well outside the one-year time limit. He did not affirmatively assert manifest injustice, and all of his claims were without merit. Thus, the district court did not err in summarily dismissing his motion as untimely.

Affirmed.

11