NOT DESIGNATED FOR PUBLICATION

No. 117,062

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CHATHA TATUM,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed August 24, 2018. Affirmed.

*Chatha Tatum*, appellant pro se.

*Ethan Zipf-Sigler*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., MALONE and STANDRIDGE, JJ.

PER CURIAM: Chatha Tatum appeals from the district court's summary denial of his second motion for relief under K.S.A. 2017 Supp. 60-1507 as untimely, successive, and conclusory. Finding no error, we affirm.

FACTS

The relevant facts relating to Tatum's convictions are set forth in the Kansas Supreme Court's opinion in *State v. Tatum*, 281 Kan. 1098, 135 P.3d 1088 (2006):

1

"On December 17, 2003, Damon Walls, his girlfriend Kyea Kimbrough, and his friend Terrell Williams drove to Dwayne Coates' house in Kansas City, Kansas, to purchase marijuana. The buy had been prearranged shortly before. When they arrived at Coates' house, Walls parked the car and Williams got out. As Williams walked up to the house, Walls' car was hit by a barrage of gunfire. Walls and Kimbrough both received multiple gunshot wounds. Walls survived but Kimbrough died.

. . . .

". . . Walls identified the shooters as 'Edie' and 'Charlie' and said they were driving a gray Chevy minivan. The investigation [led] the police to suspect that 'Edie' was Chatha Tatum. The next day, when Walls was shown a photographic lineup that included Tatum's photograph, he immediately identified Tatum as one of the shooters.

. . . .

"Williams . . . told officers he saw a man he knew as Edie shooting at Walls' car.

. . . .

"The defense called no witnesses. The jury found Tatum guilty of one count of first-degree murder and one count of attempted first-degree murder. Tatum received a hard 50 life sentence on the first-degree murder conviction and a concurrent sentence of 195 months on the attempted murder conviction." 281 Kan. at 1100-01, 1106.

The Kansas Supreme Court affirmed Tatum's convictions on direct appeal. 281 Kan. 1098.

In 2007, Tatum filed a pro se K.S.A. 60-1507 motion. Tatum's motion alleged that the trial court had erred in instructing the jury in several respects and that his trial counsel had been ineffective in failing to request jury instructions on lesser included offenses. Tatum requested the district court appoint counsel to represent him and hold an evidentiary hearing. The district court appointed attorney Steven Alexander to represent Tatum. Alexander later filed a supplemental motion to Tatum's pro se motion for relief under K.S.A. 60-1507. The supplemental motion included additional claims that trial counsel was ineffective for (1) failing to object to the reasonable doubt jury instruction, (2) failing to adequately investigate an alibi defense, and (3) failing to object to improper character evidence. The supplemental motion also alleged that Tatum's appellate counsel

was ineffective for failing to raise on direct appeal (1) any claims of jury instruction error, (2) the district court's exclusion of certain evidence, and (3) the admission of gang evidence on grounds that it violated Tatum's federal rights to due process. See *Tatum v. State*, No. 110,299, 2015 WL 4486775, at *5-6 (Kan. App. 2015) (unpublished opinion).

The district court held an evidentiary hearing on Tatum's 1507 motion. Tatum testified at the hearing and also presented testimony from his trial counsel, KiAnn McBratney; and his mother, Sandra Tatum. After hearing this testimony and the arguments from counsel, the district court denied Tatum's motion. Tatum appealed to this court, arguing that (1) the trial court erred in failing to instruct the jury on lesser included offenses and (2) McBratney was ineffective for failing to request or object to the omission of those instructions and for failing to adequately investigate an alibi defense prior to trial. We affirmed the district court's denial of Tatum's 1507 motion. *Tatum*, 2015 WL 4486775 at *13.

In 2016, Tatum filed a second pro se motion for relief under K.S.A. 60-1507. In the motion, Tatum argued that McBratney had been ineffective for failing to investigate an alibi defense and call certain witnesses to testify on his behalf at trial. Tatum also argued that the State committed prosecutorial misconduct by threatening and intimidating a potential defense witness into invoking his right not to testify at Tatum's trial, as guaranteed by the Fifth Amendment to the United States Constitution. Although conceding his motion was untimely under K.S.A. 2017 Supp. 60-1507(f)(1), Tatum argued failing to consider the merits of his motion would result in a manifest injustice.

The district court summarily denied Tatum's 1507 motion without holding a hearing. Specifically, the court held that (1) Tatum's allegations were conclusory and unsupported by the record, (2) Tatum failed to allege exceptional circumstances that would justify the court's consideration of what the court deemed to be a successive motion, and (3) Tatum failed to establish manifest injustice would result if the court

declined to reach the merits of his motion. Tatum moved to alter or amend the district court's judgment and filed a "'Supplemental Affidavit of Truth in Support of Habeas Corpus.'" The district court denied Tatum's motion. Tatum appeals.

ANALYSIS

Tatum argues the district court erred by summarily denying his 1507 motion without holding an evidentiary hearing. Tatum raises several arguments on appeal that may be combined into the following issues:  (1) the district court failed to make findings of fact and conclusions of law as required by Kansas Supreme Court Rule 183(j) (2018 Kan. S. Ct. R. 223), (2) McBratney was ineffective in failing to investigate and present certain witness testimony at trial, (3) Alexander was ineffective in failing to present certain witness testimony at the evidentiary hearing on his first 1507 motion, (4) the State committed prosecutorial misconduct, and (5) the district court erred by rejecting his claim that manifest injustice warranted an extension of the one-year time limitation set forth in K.S.A. 2017 Supp. 60-1507(f)(1)(A). We will address each of the issues raised by Tatum on appeal and consider Tatum to have abandoned any issues raised in his 1507 motion that were not advanced on appeal. See *State v. Reu-El*, 306 Kan. 460, 471, 394 P.3d 884 (2017) (issues raised in district court but not advanced on appeal are considered abandoned).

To be entitled to relief under K.S.A. 60-1507, the movant must establish by a preponderance of the evidence that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 2017 Supp. 60-1507(b); see Kansas Supreme Court Rule 183(g).

4

A district court has three options when presented with a 1507 motion: It can summarily dismiss the motion if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," hold a preliminary hearing and deny the motion if there are no substantial issues presented, or conduct a full evidentiary hearing on the issues. K.S.A. 2017 Supp. 60-1507(b); *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

> "'A movant has the burden to prove his or her K.S.A. 60-1507 motion warrants an evidentiary hearing; the movant must make more than conclusory contentions and must state an evidentiary basis in support of the claims or an evidentiary basis must appear in the record.' Once a movant satisfies that burden, [the court is] 'required to grant a hearing, unless the motion is "second" or "successive" and seeks similar relief.' [Citations omitted.]" 300 Kan. at 881.

Where, as here, the district court summarily denies a K.S.A. 60-1507 motion, we conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. 300 Kan. at 881.

1. *Supreme Court Rule 183(j)*

Tatum argues the district court failed to make findings of fact and conclusions of law as required by Kansas Supreme Court Rule 183(j). Tatum asserts the court's failure in this regard prevents meaningful appellate review and asks us to remand his case to the district court to make adequate findings.

Supreme Court Rule 183 establishes procedures under K.S.A. 2017 Supp. 60-1507. Rule 183(j) states: "The court must make findings of fact and conclusions of law on all issues presented." (2018 Kan. S. Ct. R. 225). The purpose of this rule is to enable meaningful appellate review. *Harris v. State*, 31 Kan. App. 2d 237, 239, 62 P.3d 672 (2003). Whether the district court's findings and conclusions comply with Supreme Court

5

Rule 183(j) is a question of law subject to unlimited review. *Robertson v. State*, 288 Kan. 217, 232, 201 P.3d 691 (2009).

Here, the district court's three-page journal entry denying Tatum's 1507 motion clearly set forth facts and conclusions as to why the court denied the motion—it was untimely, successive, and conclusory. Because the journal entry is adequate for our review, it is unnecessary to remand for further findings and conclusions.

2. *Ineffective assistance of trial counsel*

Tatum argues McBratney was ineffective for failing to investigate or call Damon Walls or Walls' father to testify at trial. Tatum claims that this testimony would have implicated another person as the shooter and would have supported his theory that he was not at the scene of the crime.

Notably, Tatum raised this exact issue in his first 1507 motion. At the evidentiary hearing on that motion, Alexander questioned McBratney about her failure to have Walls or Walls' father testify at trial. Tatum also testified extensively about why this testimony would have helped his case. After considering all of the testimony and other circumstances, the district court ruled that McBratney's representation did not fall below an objective standard of reasonableness and even if her performance had been deficient, Tatum was not prejudiced because the outcome of the proceeding would not have been different. Although Tatum did not challenge this part of the district court's ruling in the appeal of his first 1507 motion, we affirmed the district court's decision to deny Tatum's motion. See *Tatum*, 2015 WL 4486775 at *7-13.

In a K.S.A. 60-1507 proceeding, the sentencing court is not required to entertain a second or successive motion for similar relief on behalf of the same prisoner. K.S.A. 2017 Supp. 60-1507(c); *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013); see

6

also Kansas Supreme Court Rule 183(d) (2018 Kan. S. Ct. R. 225) ("A sentencing court may not consider a second or successive motion for relief by the same movant when: [1] the ground for relief was determined adversely to the movant on a prior motion; [2] the prior determination was on the merits; and [3] justice would not be served by reaching the merits on the subsequent motion."). We do so only upon a showing of exceptional circumstances justifying consideration. *State v. Kelly*, 291 Kan. 868, Syl. ¶ 2, 248 P.3d 1282 (2011).

"Exceptional circumstances . . . are those unusual events or intervening changes in the law which prevented the movant from being aware of and raising all of his [or her] alleged trial errors in his [or her] first post-conviction proceeding, and they must be such that the ends of justice can only be served by reaching the merits of the subsequent application. [Citation omitted.]" *Dunlap v. State*, 221 Kan. 268, 270, 559 P.2d 788 (1977).

The record in this case establishes that Tatum's ineffective assistance of counsel allegations against McBratney already have been determined adversely to him, and that determination was on the merits. Tatum has asserted no unusual events, intervening changes in the law, or new evidence in his second K.S.A. 60-1507 motion, so the ends of justice would not be served by reaching the merits of this issue a second time. The district court did not err in denying Tatum relief on this basis.

3. *Ineffective assistance of 60-1507 counsel*

Tatum argues that Alexander was ineffective in failing to have certain alibi witnesses testify at the evidentiary hearing held with respect to his first 1507 motion.

Tatum did not raise this argument in his current 1507 motion. Instead, Tatum argued that McBratney (trial counsel) was ineffective for failing to investigate the alibi witnesses and have them testify at trial. Generally, issues not raised before the district

7

court cannot be raised on appeal. See *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 403, 266 P.3d 516 (2011). There are several exceptions to this general rule, but Tatum does not acknowledge his failure to raise this issue below or otherwise argue that any of the exceptions apply to justify our consideration of the issue. See *In re Estate of Broderick*, 286 Kan. 1071, 1082, 191 P.3d 284 (2008) (listing exceptions). Supreme Court Rule 6.02(a)(5) (2018 Kan. S. Ct. R. 34) requires an appellant to explain why an issue not raised below should be considered for the first time on appeal. Litigants who fail to comply with this rule risk a ruling that the issue is improperly briefed, and the issue will be considered waived or abandoned. *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014); see *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015) (holding that Rule 6.02[a][5] is to be strictly enforced). Because Tatum provides no justification for this court to consider Alexander's ineffectiveness for the first time on appeal, we decline to consider the issue.

But even if Tatum had preserved this issue below, he is not entitled to relief because he provides no support for his claim that Alexander was ineffective for failing to call the alibi witnesses to testify at the evidentiary hearing. To prevail on a claim of ineffective assistance of counsel, a movant must establish (1) counsel's performance was deficient under the totality of the circumstances and (2) prejudice, i.e., a reasonable probability that but for counsel's deficient performance, the outcome of the proceeding would have been different. See *State v. Sprague*, 303 Kan. 418, 426, 362 P.3d 828 (2015). At the 1507 evidentiary hearing, Tatum and his mother both testified that they told McBratney about the alibi witnesses, what the witnesses would testify to, and how to contact them. Alexander questioned McBratney at length about her investigation into Tatum's alibi witnesses and her reasons for not offering their testimony at trial. Because Alexander fully presented the alibi witness issue at the evidentiary hearing, we cannot say that his performance was deficient. And even if it was deficient in some way, Tatum has alleged no facts to support his conclusory assertion that the witnesses' presence at the hearing would have changed the district court's ruling. See *Holt v. State*, 290 Kan. 491,

8

496, 232 P.3d 848 (2010) (mere conclusory allegations without evidentiary basis will not support ineffective assistance of counsel claim).

4. *Prosecutorial misconduct*

Tatum argues that the State committed misconduct by suppressing or failing to disclose certain evidence relating to two potential defense witnesses:  Wall and Antonio Ford.

Tatum's 1507 motion did not include a claim of prosecutorial misconduct with respect to evidence relating to Walls. Instead, Tatum alleged only that McBratney was ineffective for failing to present this evidence about Walls at trial. Again, the well-established general rule is that issues not raised below are not to be considered for the first time on appeal unless the party affirmatively asserts and explains why an exception to the rule applies. Supreme Court Rule 6.02(a)(5); see *Godfrey*, 301 Kan. at 1043-44; *Williams*, 298 Kan. at 1085. Because Tatum has failed to explain why we should consider this specific prosecutorial misconduct argument for the first time on appeal, we decline to consider the issue.

Tatum did, however, preserve the prosecutorial misconduct issue involving Ford. Tatum argues that the State threatened and intimidated Ford into invoking his Fifth Amendment right not to testify at Tatum's trial. Tatum claims the State's interference with Ford's decision to testify was premised on a false claim that Ford had been charged with felony murder, leading the State to improperly argue facts not in evidence. Tatum also suggests that the State committed *Brady* violations by failing to disclose exculpatory evidence; specifically, that Ford was alleged to have said that he did not see Tatum at the crime scene and that Ford was not charged with felony murder. See *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

9

Tatum's claim of prosecutorial error fails for multiple reasons. First, Tatum's allegations are matters that Tatum could or should have raised in his direct appeal:

> "A proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors must be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided exceptional circumstances excuse the failure to appeal." Kansas Supreme Court Rule 183(c)(3) (2018 Kan. S. Ct. R. 224).

Tatum makes no discernable argument setting forth exceptional circumstances excusing his failure to raise these issues on direct appeal.

Second, Tatum's claim that the State threatened or intimidated Ford into not testifying at Tatum's trial is without any evidentiary support in the record. Tatum's claim is nothing more than a conclusory allegation and is insufficient to provide him any relief. See *Solas-Morales*, 300 Kan. at 881 (to prove 1507 motion warrants evidentiary hearing, movant must make more than conclusory contentions and an evidentiary basis must appear in the record).

Third, Tatum's suggestion that the State failed to disclose Ford's alleged exculpatory statements is contrary to the record and contrary to Tatum's assertion below that McBratney was ineffective in failing to offer Ford's statements at trial. The record reflects that McBratney was aware of Ford's exculpatory statements; thus, there is no possibility that the State committed misconduct by failing to disclose these statements.

Fourth and finally, Tatum's assertion that Ford was not charged with felony murder is incorrect. On June 10, 2004, the State filed a complaint charging Ford and Dwayne Coates with first-degree murder. Tatum's trial began on July 6, 2004, and ended on July 13, 2004. On September 3, 2004, Ford entered guilty pleas to conspiracy to

10

possess marijuana with intent to sell and attempted possession of marijuana with intent to sell in exchange for the dismissal of the first-degree murder charge. Although Tatum contends that Ford's murder charge was dismissed before Tatum's trial, he erroneously relies on a document reflecting that the district court dismissed the case against Coates, Ford's codefendant, on July 11, 2004. Because the State did not dismiss Ford's murder charge until after Tatum's trial, any suggestion that the State committed prosecutorial misconduct by discussing these charges at Tatum's trial necessarily fails.

5. *Manifest injustice exception to time deadline*

An action under K.S.A. 60-1507 "must be brought within one year of . . . [t]he final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction." K.S.A. 2017 Supp. 60-1507(f)(1)(A). An exception can be made only when necessary "to prevent a manifest injustice." K.S.A. 2017 Supp. 60-1507(f)(2).

Final disposition of Tatum's underlying criminal case occurred on July 10, 2006, when the mandate issued. Tatum filed his first 1507 motion before the one-year statutory time limitation expired on July 10, 2007. *Tatum*, 2015 WL 4486775 at *5. He did not file the 1507 motion currently before this court on appeal until May 11, 2016. Tatum concedes that his motion was untimely but argues that counsel's ineffectiveness establishes manifest injustice sufficient to justify our review.

When Tatum filed his 1507 motion, the Kansas Supreme Court had held that manifest injustice must be determined by considering whether:  (1) the movant provides persuasive reasons or circumstances that prevented him or her from filing the 1507 motion within the time limitation; (2) the merits of the movant's claims raise substantial issues of law or fact deserving the district court's consideration; and (3) the movant sets

11

forth a colorable claim of actual innocence. See *Vontress v. State*, 299 Kan. 607, Syl. ¶ 8, 325 P.3d 1114 (2014).

The Legislature amended K.S.A. 60-1507 in 2016, essentially codifying the first and third factors set out by the *Vontress* court. Manifest injustice, as defined by the statute, now requires the court to only consider: (1) "why the prisoner failed to file the motion within the one-year time limitation or [2] whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2017 Supp. 60-1507(f)(2)(A). But our Supreme Court recently held that the July 2016 amendment to K.S.A. 60-1507 limiting the manifest injustice inquiry—K.S.A. 60-1507(f)(2)(A)—does not apply retroactively to motions filed before July 1, 2016. *White v. State*, 308 Kan. ___, 421 P.3d 718, 726-27 (2018). Because Tatum's motion was filed before July 1, 2016, we apply the *Vontress* factors to determine whether Tatum has established manifest injustice sufficient to justify review of his untimely motion. Under *Vontress*, no single factor is dispositive, and courts need not weigh the factors equally. 299 Kan. at 616-17. Specifically,

> "courts should not simply tally the factors and determine, for example, that a movant had established manifest injustice simply because two out of the three factors favored that outcome. Instead, a court applying the *Vontress* factors must consider all the circumstances and determine if, in total, those circumstances create a situation in which it would be obviously unfair or shocking to the conscience to not allow a movant to pursue relief under 60-1507." *White*, 421 P.3d at 725.

Under the first *Vontress* factor, Tatum fails to explain why he did not timely file his most recent 1507 motion for relief. Under the second *Vontress* factor, our discussion above demonstrates that Tatum's claims do not raise substantial issues of law or fact deserving the district court's consideration. And finally, under the third *Vontress* factor, Tatum's motion does not set forth a colorable claim of actual innocence. 299 Kan. 607, Syl. ¶ 8.

CONCLUSION

Tatum's second 1507 motion was untimely, successive, and conclusory. The record before us does not support a finding of exceptional circumstances to justify considering a successive motion for relief or a finding that our failure to consider the merits of Tatum's motion would result in a manifest injustice. As a result, the district court did not err in summarily denying Tatum's motion.

Affirmed.