No. 106,192

STATE OF KANSAS, *Appellee*, v. CHRISTOPHER M. TROTTER, *Appellant*.

(295 P.3d 1039)

Opinion filed March 8, 2013.

*Michael J. Bartee*, of Michael J. Bartee, P.A., of Olathe, was on the brief for appellant.

*Christopher M. Trotter*, appellant pro se.

*Michael A. Russell*, chief deputy district attorney, and *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

LUCKERT, J.: Christopher M. Trotter appeals from the district court's summary denial of his pro se motion to correct an illegal sentence in which he requested that his capital murder conviction be reversed because the complaint did not list the names of both individuals whose deaths served as the basis for the capital murder charge. We affirm the summary denial of Trotter's motion because a motion to correct an illegal sentence under K.S.A. 22-3504 cannot be used to collaterally challenge a conviction. Further, we deny his request to treat the motion under K.S.A. 60-1507 because: (1)

It would be a successive K.S.A. 60-1507 motion that has not been justified by a showing of exceptional circumstances and (2) it would be outside the 1-year time limitation in K.S.A. 60-1507(f)(1), and he has not shown that an extension of that deadline is necessary to prevent manifest injustice.

## FACTS AND PROCEDURAL BACKGROUND

This is Trotter's third time to seek this court's attention. He first brought a direct appeal after a jury convicted him of premeditated first-degree murder, capital murder, aggravated robbery, and conspiracy to commit aggravated robbery. *State v. Trotter*, 280 Kan. 800, 127 P.3d 972 (2006) (*Trotter I*). The charges resulted from the 2001 murders of Traylennea Huff and James Darnell Wallace. The victims were shot and killed during the course of an aggravated robbery, which Trotter and others had planned in the hopes of stealing cash they believed to be in Huff's and Wallace's home. This court affirmed Trotter's convictions. *Trotter I*, 280 Kan. at 819-20.

Next, Trotter appealed from the district court's denial of a K.S.A. 60-1507 motion. In *Trotter v. State*, 288 Kan. 112, 200 P.3d 1236 (2009) (*Trotter II*), this court affirmed portions of the district court's decision to summarily deny Trotter's motion but reversed other portions. Specifically, the *Trotter II* court affirmed the dismissal of Trotter's claims that (a) his counsel was ineffective for failing to request an eyewitness jury instruction and (b) affidavits of Trotter's codefendants constituted newly discovered evidence warranting a new trial. *Trotter II*, 288 Kan. at 134, 139. Relief was granted, however, on Trotter's contention that defense counsel was ineffective for failing to raise a multiplicity issue on direct appeal. *Trotter II*, 288 Kan. at 131.

Considering the merits of the issue, this court held that Trotter's convictions for capital murder and premeditated first-degree murder were multiplicitous in that premeditated first-degree murder is a lesser included offense of capital murder. *Trotter II*, 288 Kan. at 124; see *State v. Martis*, 277 Kan. 267, 276-77, 83 P.3d 1216 (2004) (premeditated first-degree murder is lesser included offense of capital murder by application of K.S.A. 21-3107[2][b]). In

the fourth amended information, the State had charged Trotter in count I, premeditated first-degree murder, with "unlawfully, feloniously and intentionally and with premeditation, kill[ing] a human being, to-wit: James Wallace . . . ." In count II, capital murder, Trotter was charged with "unlawfully, feloniously and intentionally and with premeditation, kill[ing] a human being, to-wit: Traylennea Huff, *which constituted the killing of more than one person as a part of the same act or transaction* or in two or more acts or transactions connected together or constituting parts of a common scheme or course of conduct." (Emphasis added.)

As acknowledged by Trotter in *Trotter II*, the jury was instructed that one of the elements to be proved in the capital murder charge was that " 'the premeditated and intentional killing of Traylennea Huff and James Wallace were part of the same act or transaction or in two or more acts or transactions connected together or constituting parts of a common scheme or course of conduct.' " *Trotter II*, 288 Kan. at 120-21. And because the State was also required to prove the premeditated, intentional killing of one of those victims, Wallace, in the first-degree murder charge, Trotter could not be convicted of both the lesser included offense and the greater offense arising from the same conduct. As a result, Trotter's premeditated first-degree murder conviction was reversed. *Trotter II*, 288 Kan. at 131; see *State v. Winters*, 276 Kan. 34, 43, 72 P.3d 564 (2003) ("where convictions are multiplicitous the defendant should be sentenced only on the more severe offense"). In his pro se brief, Trotter mistakenly asserts that this court reversed the first-degree murder conviction for "re-trial and the State elected not to re-try Trotter."

Significant to the current appeal, in finding the two murder convictions were multiplicitous, the *Trotter II* court also noted that Trotter did "not object to the manner in which the charge was pled or to the instructions." *Trotter II*, 288 Kan. at 121. Thus, in *Trotter II*, he did not advance any arguments pertaining to the sufficiency of the charging document.

Over 1 year after that decision became final and more than 4 years after the decision in *Trotter I*, Trotter filed the current pro se motion in April 2010 to correct an illegal sentence under K.S.A.

22-3504, arguing that because capital murder requires the intentional and premeditated killing of more than one person, and count II of the information only listed one victim, Huff, the information was defective. In his motion, Trotter again acknowledged that the jury was instructed using the names of both victims, Huff and Wallace, but he argued:

"The District Court lacked jurisdiction over the subject matter to convict and sentence the defendant for the offense of Capital Murder, K.S.A. 21-3439, because the Complaint/Information was jurisdictional[ly] defective because, it fail[ed] to allege essential elements of the crime charged. Thus resulting in the defendant being convicted, and sentence[d] for a criminal offense the defendant was [sic] original[ly] charged with."

The district court summarily denied the motion, finding that "[w]hile the defendant has couched his motion in terms of an illegal sentence, it is clearly a collateral attack . . . upon the conviction for Capital Murder." It noted that this court has repeatedly held that a motion to correct an illegal sentence "cannot be used to allege a defective information."

Trotter filed a timely appeal. This court has jurisdiction under K.S.A. 2012 Supp. 22-3601(b)(3) (maximum sentence of life imprisonment imposed).

ANALYSIS

Trotter contends the district court erred in summarily denying his pro se motion to correct an illegal sentence. He challenges whether the information was fatally defective and deprived the district court of jurisdiction to convict him of capital murder. Trotter asks this court to reverse his capital murder conviction.

*Standard of Review*

Trotter's motion was filed pursuant to K.S.A. 22-3504. When, as here, a district court summarily denies a motion to correct an illegal sentence under K.S.A. 22-3504, this court applies a de novo standard of review " 'because appellate courts have the same access to the motion, records, and files as the district court.' " *State v. Heronemus*, 294 Kan. 933, 935, 281 P.3d 172 (2012) (quoting *State v. Howard*, 287 Kan. 686, 691, 198 P.3d 146 [2008]). Like the district court, this court is asked to determine if these same documents

"conclusively show that he is entitled to no relief." *State v. Neal*, 292 Kan. 625, 629, 258 P.3d 365 (2011).

*K.S.A. 22-3504*

Significantly, K.S.A. 22-3504 only applies if the sentence is illegal. *State v. Chavez*, 292 Kan. 464, 465, 254 P.3d 539 (2011); *State v. Harp*, 283 Kan. 740, 744, 156 P.3d 1268 (2007). The question of whether a sentence is illegal is a question of law over which this court has unlimited review. *Neal*, 292 Kan. at 630. This court has defined an "illegal sentence" as (1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served. *State v. Harsh*, 293 Kan. 585, 588, 265 P.3d 1161 (2011); *State v. LaBelle*, 290 Kan. 529, 532, 231 P.3d 1065 (2010); *State v. Nash*, 281 Kan. 600, 601, 133 P.3d 836 (2006).

Trotter contends his motion falls under the first category—the court did not have jurisdiction to impose his sentence. Yet, he attacks not his sentence alone, but seeks a reversal of his capital murder conviction. This court has repeatedly stated that the relief available under K.S.A. 22-3504 is correction of a sentence, not reversal of a conviction. See *State v. Williams*, 283 Kan. 492, 495-96, 153 P.3d 520 (2007) (stating that K.S.A. 22-3504 is "not a vehicle for a collateral attack on a conviction"). More specifically, this court has repeatedly held "a motion to correct an illegal sentence is an inappropriate vehicle to dispute whether a complaint was defective because such a claim challenges the conviction, not the sentence. [Citations omitted.]" *State v. Sims*, 294 Kan. 821, 825, 280 P.3d 780 (2012); see, *e.g.*, *State v. Deal*, 286 Kan. 528, 529-30, 186 P.3d 735 (2008) (arguing the complaint was defective); *Nash*, 281 Kan. at 601-02 (same).

Trotter asserts there is an exception to this rule where the defendant questions whether the criminal complaint failed to confer jurisdiction. Yet, he fails to distinguish *Sims* or similar cases, which are directly on point and control this issue. He cites and relies on

*State v. Davis*, 281 Kan. 169, 130 P.3d 69, *cert. denied* 549 U.S. 823 (2006), however, which is distinguishable.

*Davis* is part of a line of cases in which this court has considered an appeal of a denial of a motion to correct an illegal sentence where the defendant argues that he or she requested a competency determination, but the district court failed to suspend proceedings. In that line of cases, defendants have argued on appeal that a district court does not have jurisdiction to sentence a defendant without first conducting a competency determination as required by statute. See *Davis*, 281 Kan. at 176 (seeking review of district court and Court of Appeals decisions holding that sentence was not illegal because district court had jurisdiction to sentence even though proceedings were not suspended while competency was determined).

Indeed, as these defendants argued, the district court was deprived of jurisdiction to conduct a sentencing—and all other phases of a criminal proceeding—because K.S.A. 22-3302(1) mandates that "the proceedings shall be suspended" if defense counsel requests a competency evaluation and the district court finds there is reason to believe the defendant is incompetent. The only proceedings that may occur in that situation are those related to the determination of competency. Only after a judicial determination that the defendant is competent may the proceeding resume. See, *e.g.*, *State v. Murray*, 293 Kan. 1051, 1054-55, 271 P.3d 739 (2012) (defendant was entitled to evidentiary hearing on his motion to correct an illegal sentence to determine whether a competency hearing was held prior to aggravated robbery and felony-murder trial); *Davis*, 281 Kan. at 177; see also *State v. Foster*, 290 Kan. 696, 702, 233 P.3d 265 (2010) (criminal trial of incompetent defendant raises due process concerns); *State v. McKinney*, 265 Kan. 104, 107, 961 P.2d 1 (1998) (same) (citing *Medina v. California*, 505 U.S. 437, 453, 112 S. Ct. 2572, 120 L. Ed. 2d 353 [1992]). In other words, if a competency determination is not made, the district court loses jurisdiction to continue the criminal proceeding, including the sentencing phase.

In contrast, this case does not deal with the district court's failure to suspend the criminal proceeding, including the sentencing, as

required by statute. Here, once Trotter was convicted of the crime, the district court could continue with the proceeding and sentence him accordingly. See K.S.A. 2012 Supp. 22-3208(3), (4), (5) (discussing procedure for handling motion to dismiss based on defect in complaint, potential waiver, and potential deferment of motion). To overturn the sentence because of a defect in the complaint, Trotter must obtain a reversal of his conviction, and a motion to correct an illegal sentence cannot be used as a vehicle for a collateral attack on a conviction. We reiterate what this court has made clear: Defective complaint claims are not properly raised in a motion to correct an illegal sentence under K.S.A. 22-3504. See *Sims*, 294 Kan. at 825.

*K.S.A. 60-1507*

In the alternative, Trotter's appellate counsel implies that this court should treat Trotter's pro se motion as a motion under K.S.A. 60-1507. See *State v. Swisher*, 281 Kan. 447, 449, 132 P.3d 1274 (2006) (pro se motion to correct an illegal sentence treated as filed under K.S.A. 60-1507); *Love v. State*, 280 Kan. 553, 557, 124 P.3d 32 (2005) (same). There are two reasons we reject this request.

First, under K.S.A. 60-1507(c), a court is not required to entertain successive motions on behalf of the same prisoner. *State v. Mitchell*, 284 Kan. 374, 379, 162 P.3d 18 (2007). In *Walker v. State*, 216 Kan. 1, Syl. ¶ 2, 530 P.2d 1235 (1975), we stated: "A [movant] in a 60-1507 motion is presumed to have listed all grounds for relief and a subsequent motion need not be considered in the absence of [a showing of] circumstances justifying the original failure to list a ground." Trotter has not argued any circumstances that warrant this successive motion, especially in light of the subject matter and relief granted in *Trotter II*. See Supreme Court Rule 183(d) (2012 Kan. Ct. R. Annot. 274); *State v. Kelly*, 291 Kan. 868, 872-73, 248 P.3d 1282 (2011).

Second, K.S.A. 60-1507(f)(1) states in pertinent part: "Any action under this section must be brought within one year of: (i) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction." Trotter's pro se motion to correct an illegal sentence

was filed over 4 years after this court terminated its jurisdiction in *Trotter I*, his direct appeal. The only exception to the 1-year period of limitation is stated in K.S.A. 60-1507(f)(2), which provides that "[t]he time limitation herein may be extended by the court only to prevent a manifest injustice." See *Kelly*, 291 Kan. at 873. Trotter makes no argument concerning manifest injustice, and his K.S.A. 60-1507 proceeding is procedurally barred as a result of the 1-year time limitation.

Trotter does argue correctly, however, that subject matter jurisdiction can be raised at any time. See *State v. Sales*, 290 Kan. 130, 135, 224 P.3d 546 (2010); see also *In re Marriage of Hampshire*, 261 Kan. 854, 862, 934 P.2d 58 (1997) (judgment rendered without subject matter jurisdiction is void; void judgment is nullity that may be vacated at any time). What Trotter fails to recognize in making this argument is that there must be a procedural vehicle for presenting the argument to the court. K.S.A. 60-1507 is the vehicle for post-conviction relief from the judgment of conviction and, as we have discussed, that vehicle is not available to Trotter.

The district court did not err in summarily denying Trotter's pro se motion to correct an illegal sentence under K.S.A. 22-3504.

Affirmed.