NOT DESIGNATED FOR PUBLICATION

No. 110,235

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JERRY D. SELLERS, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JEROME P. HELLMER, judge. Opinion filed September 25, 2015. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Christina Trochek*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., BUSER, J., and WILLIAM R. MOTT, District Judge, assigned.

*Per Curiam*:  Jerry D. Sellers, Jr. appeals the district court's denial of his motion to withdraw pleas. He argues that the district court construed the motion as a K.S.A. 60-1507 motion but used the incorrect legal standard in denying the motion.

In September 2007, the State filed a criminal complaint against Sellers charging him with two counts of rape or, in the alternative, aggravated indecent liberties with a child, one count of attempted aggravated criminal sodomy or, in the alternative, attempted criminal sodomy, one count of aggravated criminal sodomy or, in the

1

alternative, criminal sodomy, and two counts of indecent liberties with a child. The State later amended the complaint to alter some of the dates of the alleged offenses. Randall Fisher and Brent Boyer represented him in the case. The case proceeded to a jury trial, but on the third day of the trial, the judge declared a mistrial.

A new trial was scheduled for November 18, 2008. But on that date, Sellers and the State reached a plea agreement. The agreement required Sellers to enter an *Alford* plea (*North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 [1970]) to count 5 of the complaint, which was a charge of indecent liberties with a child. It also required him to plead no contest to count 6, another charge of indecent liberties with a child. In exchange, the State agreed to dismiss counts 1-4 and to recommend a controlling 128-month prison sentence. This agreement was reduced to writing in a document titled "Tender of Plea of Guilty or No Contest." Sellers signed this document.

During the plea hearing, the district court engaged in a colloquy with Sellers after being informed of his desire to enter a plea. Sellers acknowledged that his pleas would conclude the case. Also as part of this colloquy, Sellers specifically confirmed that he understood that it would be highly unlikely that any judge would allow him to withdraw his pleas later.

After Sellers entered his *Alford* plea, the State asserted that the factual basis for its charge of indecent liberties with a child on count 5 was presented at the preliminary hearings in this case and at the jury trial that previously ended in a mistrial. Next, the district court allowed Sellers' attorney to present the alibi for count 5 that the defense would have presented at trial. After Sellers pled no contest to count 6, the district court accepted both pleas and found Sellers guilty on both counts.

Prior to sentencing, Sellers filed a motion for downward departure requesting a prison sentence of 128 months in accordance with the plea agreement. At sentencing,

Fisher again laid out facts supporting Sellers' alibi. He argued that Sellers' sentences should run concurrently and noted the parties' 128-month recommendation. He further asserted that 128 months was an "extremely harsh" punishment for the events alleged in this case. The State also informed the court that, in accordance with the plea agreement, it recommended a controlling sentence of 128 months in prison.

When Sellers was given an opportunity to speak, he maintained that he was innocent, but stated that he entered pleas because he could have faced up to 600 months in prison if he had gone to trial. The district court sentencing Sellers to 120 months for one of his convictions of indecent liberties with a child and 32 months for the other conviction. The district court departed from the plea agreement by ordering these sentences to run consecutively for a total prison sentence of 152 months.

Sellers timely appealed his sentence. That appeal was dismissed pursuant to Supreme Court Rule 7.041A (2014 Kan. Ct. R. Annot. 66) in an opinion filed on July 9, 2010. *State v. Sellers*, No. 102,166, 2010 WL 2816251 (Kan. 2010) (unpublished opinion).

On April 19, 2011, Sellers filed a pro se motion to withdraw plea pursuant to K.S.A. 2014 Supp. 22-3210(d). The district court appointed an attorney to Sellers and held a hearing on the motion on April 29, 2011. At the hearing, the State argued that the motion should be summarily dismissed because Sellers could not show manifest injustice as required by K.S.A. 2014 Supp. 22-3210(d)(2). In response, Sellers' attorney stated that the allegations in his motion indicated he was claiming ineffective assistance of counsel. The district court agreed, but it found that there was no basis for finding the necessary manifest injustice and denied the motion. But in doing so, the district court ordered that Sellers' attorney should remain appointed to him for the purpose of refiling his motion to more accurately state his claim.

3

On July 8, 2011, Sellers filed a K.S.A. 60-1507 motion claiming that he received ineffective assistance of counsel and requesting that his convictions be set aside. The district court held an evidentiary hearing and denied the motion. Sellers timely appealed that denial.

Sellers' sole argument on appeal is that the district court utilized the incorrect legal standard in denying his motion to withdraw his pleas. Specifically, Sellers argues that his motion was more properly construed as a K.S.A. 60-1507 motion alleging ineffective assistance of counsel. He further alleges that the district court actually did construe his motion as one made pursuant to K.S.A. 60-1507 and not K.S.A. 2014 Supp. 22-3210.

Under K.S.A. 2014 Supp. 22-3210(d)(2), a district court may allow a defendant to withdraw a plea after sentencing only to correct manifest injustice. K.S.A. 60-1507 allows a defendant to attack a sentence imposed in violation of the Kansas or United States Constitutions, but it does not explicitly require a finding of manifest injustice for any reason but to extend the 1-year time limit for filing a motion attacking a sentence.

Significantly, Sellers does not challenge the district court's finding that he failed to allege facts that withdrawal of his pleas would correct manifest injustice. In fact, he concedes that the district court would have had a basis to dismiss the motion for lack of manifest injustice had it been construed as a motion under K.S.A. 2014 Supp. 22-3210. Instead, he argues that the district court actually construed the motion as one under K.S.A. 60-1507, the typical vehicle for a claim of ineffective assistance of counsel. To support this assertion, he cites the district court's statement at the hearing on the motion that it agreed that Sellers' motion constituted a claim of ineffective assistance of counsel. Sellers requests this court to remand the case so that the motion can be properly analyzed as one pursuant to K.S.A. 60-1507.

4

First, there is no support in the record for Sellers' claim the district court construed his motion as a K.S.A. 60-1507 motion. The motion itself specifically referenced K.S.A. 22-3210(d). Further, although the district court noted that Sellers' motion may have been "better couched in a different term than what it is," it denied the motion because it had no basis for finding manifest injustice. As noted above, manifest injustice is the standard outlined in K.S.A. 2014 Supp. 22-3210(d)(2).

But regardless of how the district court construed the motion, Sellers' claim on appeal cannot succeed. To the extent the district court construed the motion as one made pursuant to K.S.A. 2014 Supp. 22-3210, Sellers has specifically conceded that the district court had a basis to deny the motion.

If, as Sellers argues, the motion was or should have been construed as one under K.S.A. 60-1507, then remanding this case would be improper. After denying Sellers' motion, the district court ordered that his attorney would remain appointed to him for the purpose of filing a new motion more accurately reflecting his claims. Later, with the assistance of his appointed attorney, he filed a K.S.A. 60-1507 motion alleging claims substantially similar to those in the motion at issue here. The district court held an evidentiary hearing and denied the K.S.A. 60-1507 motion. Sellers has appealed that ruling.

A remand in this case with directions to proceed as if it were a K.S.A. 60-1507 motion would allow Sellers to relitigate the claims he has already raised in another K.S.A 60-1507 motion. A district court is not required to entertain a second or successive motion for similar relief on behalf of the same prisoner. K.S.A. 60-1507(c); *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013). Sellers does not argue claims raised in the motion at issue here are different than those he raised in the K.S.A. 60-1507 motion that he has already had the opportunity to litigate.

5

For these reasons, we affirm the district court's ruling.

Affirmed.