NOT DESIGNATED FOR PUBLICATION

No. 119,199

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RAYMOND L. VOTH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Greenwood District Court; DAVID A. RICKE, judge. Opinion filed March 29, 2019. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., SCHROEDER, J., and STUTZMAN, S.J.

PER CURIAM: A sentence, when imposed by the district court, must be a legal sentence; and if not, it is an illegal sentence. An illegal sentence can be corrected at any time. See K.S.A. 2018 Supp. 22-3504(1). Here, the district court imposed an illegal 24-month period of postrelease supervision at the original sentencing and later corrected it to be a sentence of lifetime postrelease supervision. On appeal, Raymond L. Voth claims the district court failed to hold a hearing pursuant to K.S.A. 60-1507. Unfortunately, Voth filed his motion outside of the one-year time limitation allowed by K.S.A. 60-1507(f)(1), and he fails to allege manifest injustice. We affirm.

1

In September 2011, the State charged Voth with aggravated indecent liberties with a child. The State and Voth reached a plea agreement where the State agreed to amend the charge to aggravated indecent solicitation of a child and Voth would enter a plea of no contest to the amended charge. Voth acknowledged in the plea agreement he would "be subject to a period of post-release supervision as set forth by Kansas law."

At the plea hearing, the court asked Voth if he understood he could "be sentenced to an extended period of . . . postrelease supervision as deemed appropriate." Voth said he understood, and he pled guilty to the amended charge. The district court sentenced Voth to 36 months' imprisonment with a 24-month postrelease supervision period.

Nearly two years later, the State learned Voth's 24-month period of postrelease supervision was illegal and filed a motion to correct the illegal sentence. At the time of Voth's sentence, the State asserted the court was required to sentence Voth to a lifetime period of postrelease supervision.

The district court held a hearing on the motion in March 2014. Voth's attorney said Voth "probably would not have entered a plea as he did had he known" about the mandatory lifetime postrelease supervision, but Voth did not contest the motion at the hearing. The district court modified Voth's sentence to include lifetime postrelease supervision.

In September 2017, Voth filed a motion asserting the district court could not change his postrelease supervision period from 24 months to lifetime supervision. Voth asserted the State offered him 36 months' imprisonment and 24 months' postrelease supervision in exchange for his plea.

2

The district court ruled on Voth's motion without holding a hearing. The court denied Voth's motion, holding his original sentence was illegal because the statutory scheme at the time of Voth's conviction required the court to sentence him to lifetime postrelease supervision. The district court also characterized Voth's motion as an untimely motion under K.S.A. 60-1507.

ANALYSIS

The State argues Voth's motion was an untimely motion under K.S.A. 60-1507. Voth contends the court erred by not conducting a hearing under K.S.A. 60-1507 to address the merits of his claim.

Voth's motion was untimely. Voth had one year to file a motion attacking his sentence. See K.S.A. 2018 Supp. 60-1507(f)(1). The one-year time limitation may be extended only to prevent manifest injustice. K.S.A. 2018 Supp. 60-1507(f)(2). A defendant who files a 1507 motion outside the one-year time limitation and fails to affirmatively assert manifest injustice is procedurally barred from maintaining the action. *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013).

Voth does not affirmatively assert manifest injustice in his motion or before this court, and issues not adequately briefed are deemed waived or abandoned. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018). Voth is barred from maintaining the action. See K.S.A. 2018 Supp. 60-1507(f)(1); *Trotter*, 296 Kan. at 905.

Affirmed.

3