NOT DESIGNATED FOR PUBLICATION

No. 118,739

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TONY R. BALLARD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed January 31, 2020. Affirmed.

*Monique Centeno*, of Centeno Law, of Wichita, for appellant.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL and GARDNER, JJ.

PER CURIAM:  Tony R. Ballard appeals the denial of his amended motion for a new trial based on claims of newly discovered evidence. He asserts that new evidence showed the victim from Ballard's 2004 conviction for attempted first-degree murder recanted his trial testimony. The district court denied the motion, treating it as either an untimely and successive motion for new trial or a K.S.A. 60-1507 motion. Finding no error, we affirm.

1

FACTUAL AND PROCEDURAL HISTORY

In 2004, a jury convicted Ballard of one count each of attempted first-degree murder and criminal possession of a firearm after he fired a gun at Phillip Simpson. The district court sentenced Ballard to a controlling term of 294 months in prison. Ballard's convictions and sentence were affirmed by a panel of this court in *State v. Ballard*, No. 92,292, 2006 WL 2129076 (Kan. App.), *rev. denied* 282 Kan. 791 (2006).

Ten years after his case was final, in May 2016, Ballard filed a pro se motion for new trial based upon newly discovered evidence. He generally asserted that Simpson admitted to committing perjury at the preliminary hearing—as evidenced by his trial testimony admitting he previously lied when he said he did not see who fired the gun—and that the State either acquiesced to the perjury or agreed to grant Simpson immunity to secure Ballard's convictions.

Eight months later, Ballard filed a pro se motion requesting court to approve for investigator. In the motion, Ballard asserted that he needed to hire an investigator to contact Simpson because of alleged "references to [Ballard's] innocence and [Simpson's] desire to recant his testimony." Ballard also asserted Simpson had recanted his trial testimony on Facebook and in person, along with comments on an online newspaper article.

That same day, Ballard filed a pro se amended motion for new trial requesting for motion to be converted to a K.S.A. 60-1507 motion. In the motion, Ballard sought to amend his arguments "to include a colorable claim of 'factual innocence'" based on Simpson's admission of perjury and later comments allegedly made by Simpson in September 2016 in the comments section of an online newspaper article reporting on Ballard's motion for new trial. Ballard asserted that Simpson commented "he was

2

manipulated by '[the State] to testify' that [Ballard] 'allegedly' fired a weapon in [Simpson's] direction."

The district court filed a written order denying Ballard's motion.

The denial order provided:

**"CONCLUSIONS OF LAW**

"K.S.A. 22-3501 requires a motion for new trial based on newly discovered evidence be filed within two years after final judgment. Final judgment in defendant's convictions occurred on November 15, 2006, and the two year time period expired November 15, 2008.

"K.S.A. 60-1507(f) provides a one year filing deadline. The year runs from the final order of the last appellate court to exercise jurisdiction on a direct appeal. The time limit may be extended by the court only to prevent manifest injustice. Manifest injustice has been described as meaning obviously unfair or shocking to the conscience. *State v. Kelly*, 291 Kan. 868, 248 P.3d 1282 (2011).

"K.S.A. 60-1507(c) bars successive motions raising claims that were raised or could have been raised in a prior motion. Exceptional circumstances can justify consideration of a successive 60-1507 motion.

**"DISCUSSION**

"Defendant's motion for new trial as amended is denied. As a motion in the criminal proceeding the filing is not within the two year time period allowed. As a 60-1507 motion the filing is not within the one year time period allowed. Defendant asserts the victim of the attempted murder has recanted his trial testimony. Defendant's trial was in March of 2004. Defendant asserts that in 2016 the victim made a statement on a media website, an anonymous forum. Even assuming the statement was authored by the victim a new trial would not necessarily be warranted. Recanting testimony involving a confession of perjury is of questionable credibility, particularly with a 14 year gap after trial testimony. The assertions of defendant do not support a finding of manifest injustice. The assertions of defendant do not support a finding of exceptional circumstances. The

3

motion is barred by time and by the law in Kansas placing reasonable limitations on a prisoner's access to habeas relief."

Ballard now timely appeals.

ANALYSIS

*The district court did not err in denying Ballard's motion for a new trial.*

Ballard argues on appeal that the district court erred by denying his motion for a new trial that essentially only relied on Simpson's purported recantation of his trial testimony. He asserts that the motion, either construed as a motion for a new trial under K.S.A. 22-3501 or as a motion for habeas relief under K.S.A. 60-1507, establishes that he is entitled to a new trial.

In response, the State first contends Ballard failed to comply with the time requirements for a motion for a new trial under K.S.A. 22-3501. We agree. Ballard does not dispute that his motion for a new trial was untimely. Final judgment in Ballard's criminal case occurred in November 2006, when this court issued the mandate in his direct appeal affirming his convictions. Ballard's motion for a new trial was filed in May 2016, well past the two-year limitation for a timely new trial motion based on newly discovered evidence. See K.S.A. 2018 Supp. 22-3501(1). As the State notes, Ballard apparently recognized this fact and in January 2017 filed an amended motion requesting the district court to construe his untimely new trial motion as a K.S.A. 60-1507 motion, asserting actual innocence and that manifest injustice would result if the court did not grant Ballard a new trial.

For these reasons, we affirm the district court's finding that Ballard's motion for a new trial must be denied as untimely. But we must also consider whether Ballard is entitled to relief by treating the motion as a K.S.A. 60-1507 motion.

4

*The district court did not err in denying Ballard's K.S.A. 60-1507 motion.*

*Our standard of review is unlimited.*

A district court has three options when handling a K.S.A. 60-1507 motion:

"'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citations omitted.]" *White v. State*, 308 Kan. 491, 504, 421 P.3d 718 (2018).

The district court based its denial on the motions, files, and records of the case, so the standard of review is unlimited. See *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

*Ballard has the burden to establish he is entitled to an evidentiary hearing.*

To avoid the summary denial of a motion brought under K.S.A. 2018 Supp. 60-1507, a movant bears the burden of establishing entitlement to an evidentiary hearing. To meet this burden, a movant's contentions must be more than conclusory, and either the movant must set forth an evidentiary basis to support those contentions or the basis must be evident from the record. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014) (quoting *Holmes v. State*, 292 Kan. 271, 274, 252 P.3d 573 [2011]). Thus, to overcome the initial pleading requirement for the district court to consider a 60-1507 motion on its merits, Ballard needed to establish that he was entitled to an evidentiary hearing on his claims by providing something more than his own conclusory assertions.

5

*Ballard failed to challenge the district court's alternative finding of successiveness.*

In its order the district court dismissed Ballard's K.S.A. 60-1507 motion as both untimely and successive. This finding is supported by the record. But on appeal, Ballard only argues that manifest injustice requires this court to overlook the untimeliness of his motion. He does not address the successiveness finding. An appellate court may, in its discretion, decline to address an appellant's challenge to the district court's ultimate ruling on an issue where the district court provided alternative bases to support its decision on that issue and the appellant fails to challenge the validity of each alternative basis on appeal. *State v. Novotny*, 297 Kan. 1174, Syl. ¶ 1, 307 P.3d 1278 (2013). So we can deny Ballard's request for relief on this basis only.

But even if Ballard had challenged the district court's dismissal of his 60-1507 motion for both successiveness and timeliness, his claims still fail.

*Ballard's current claim is successive, and he fails to establish exceptional circumstances to warrant a hearing.*

Under K.S.A. 2018 Supp. 60-1507(c), a sentencing court need not entertain a second or successive motion for similar relief on behalf of the same prisoner. *Beauclair*, 308 Kan. at 304. "A movant in a K.S.A. 60-1507 motion is presumed to have listed all grounds for relief, and a subsequent motion need not be considered in the absence of a showing of circumstances justifying the original failure to list a ground." *State v. Trotter*, 296 Kan. 898, Syl. ¶ 2, 295 P.3d 1039 (2013). To avoid a dismissal of a second or successive K.S.A. 60-1507 motion, the movant bears the burden of establishing exceptional circumstances. *Beauclair*, 308 Kan. at 304.

The current motion is Ballard's second motion for habeas relief. In his first K.S.A. 60-1507 motion filed in 2007, Ballard raised several allegations of ineffective assistance

of counsel for failing, in part, to impeach a witness or object to Simpson's perjured testimony. *Ballard v. State*, No. 103,526, 2011 WL 2793237, at *1 (Kan. App. 2011) (unpublished opinion). Before the district court reached a decision, Ballard filed a supplemental K.S.A. 60-1507 motion and included additional claims of ineffective assistance of counsel. The court denied his motion in an order filed in October 2009, discussing only some allegations in the two motions. Ballard appealed, arguing in part that the court erroneously failed to address all his claims, but the panel determined Ballard abandoned the challenges not raised in his appellate brief. 2011 WL 2793237, at *1. The panel affirmed in part, reversed in part, and remanded with directions to conduct an evidentiary hearing on Ballard's claims of ineffective assistance that he had not abandoned. 2011 WL 2793237, at *4-5.

On remand, the district court conducted an evidentiary hearing and again denied Ballard's motion. He appealed that decision and this court affirmed, finding that Ballard failed to establish any deficiencies in his counsel's conduct. *Ballard v. State*, No. 109,768, 2014 WL 2224649, at *6 (Kan. App. 2014) (unpublished opinion), *rev. denied* 301 Kan. 1045 (2015). The panel's opinion in Ballard's second appeal does not include any discussion of his claim related to Simpson's admission of perjury at the trial in 2004. Ballard abandoned any such challenge by not arguing it in the previous appeal or upon remand.

But Ballard's current claims are not directly based on Simpson's admission of perjury in 2004. He is now claiming that Simpson has recently recanted his *trial testimony*. Moreover, the alleged recantation would have happened years after the trial and would constitute both new evidence and a separate claim from Ballard's previous ineffective assistance claim. So if the 2016 recantation were true, that would establish exceptional circumstances for the court to consider the merits of Ballard's second 60-1507 motion. See *Bullock v. State*, No. 94,717, 2006 WL 1816400, at *2-3 (Kan. App. 2006) (unpublished opinion).

7

That said, for a recantation by the complaining victim to be a basis for a new trial it must be of such materiality that it would likely produce a different result upon retrial. *State v. Ashley*, 306 Kan. 642, 650, 396 P.3d 92 (2017). And before granting a new trial based on such a recantation, the district court must be satisfied the recantation is true and material. *State v. McKinney*, 272 Kan. 331, 338, 33 P.3d 234 (2001), *overruled on other grounds by State v. Davis*, 283 Kan. 569, 158 P.3d 317 (2007); see also *State v. Fulton*, 292 Kan. 642, 650, 256 P.3d 838 (2011) (applying abuse of discretion standard). Our Supreme Court has made it clear that "'recanting testimony is exceedingly unreliable, and it is the duty of the court to deny a new trial where it is not satisfied that such testimony is true.'" *State v. Theus*, 207 Kan. 571, 580, 485 P.2d 1327 (1971).

Ballard presents no evidence to support the truth of Simpson's purported recantation. Ballard attached an affidavit to his appellate brief purportedly from a private investigator who interviewed Simpson. There is no indication that Ballard ever presented this affidavit to the district court, nor did the district court admit it into evidence. We cannot find any affidavit in the appellate record, and Ballard's appellate brief does not cite to its location in the record. Because this affidavit is merely attached to Ballard's brief—and is not part of the record on appeal—we cannot rely on it on to support his claims. See *Rodriguez v. U.S.D. No. 500*, 302 Kan. 134, 145, 351 P.3d 1243 (2015); see also Supreme Court Rule 6.02(b) (2019 Kan. S. Ct. R. 34). With no evidence to support the truth of the recantation, Ballard's claim fails.

> *Ballard's current claim is untimely, and he fails to persuade this court that manifest injustice would result if he is not granted a hearing.*

The district court may extend the one-year time limitation for bringing an action under K.S.A. 60-1507(f)(1) to prevent a manifest injustice. K.S.A. 2018 Supp. 60-1507(f)(2). A defendant who files a motion under K.S.A. 60-1507 outside the one-year

time limitation in subsection (f) and fails to affirmatively assert manifest injustice is procedurally barred from maintaining the action. *Trotter*, 296 Kan. at 905.

Effective July 1, 2016, the Legislature amended K.S.A. 60-1507(f)(2) to define manifest injustice, providing that courts are "limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2018 Supp. 60-1507(f)(2)(A). The Legislature defined actual innocence to mean that the prisoner must "show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2018 Supp. 60-1507(f)(2)(A). Courts should dismiss a motion as untimely filed if, after inspection of the motion, files, and records of the case, the court determines that the movant has exceeded the time limitations and that dismissing the motion would not equate with manifest injustice. K.S.A. 2018 Supp. 60-1507(f)(3).

Again, Ballard has to support his claim with an evidentiary basis, which requires more than a bald assertion of actual innocence. Courts should reserve the manifest injustice exception for only rare and extraordinary cases. *Beauclair*, 308 Kan. at 302 (remanding to district court for evidentiary hearing on gateway claim of actual innocence). A claim is "'colorable' if there is 'sufficient doubt' about [a movant's] guilt 'to undermine confidence' in his [or her] conviction 'without the assurance' that the conviction 'was untainted by constitutional error.'" 308 Kan. at 303.

Thus, for Ballard to show "actual innocence" to overcome the one-year time limitation, he needed to show that it was more likely than not that no reasonable juror would have convicted him in light of Simpson's purported recantation of his trial testimony. But he also needed to provide some evidentiary support for that assertion, which he failed to do.

9

Ballard's initial motion requested a new trial based on assertions of the newly discovered evidence that the State never charged Simpson with perjury after Ballard's trial. Then, his amended motion asserted that Simpson recanted his trial testimony in an online comment to a newspaper article years after the trial. Ballard uses this assertion of new evidence as basis for a claim of actual innocence but provided no supporting affidavits with the motion. The State points out that there is no proof that Simpson made the online comments. "A comment on a media website, purportedly made by the Victim, could have been posted by anybody, or posted for ulterior reasons."

But even if we assume that Simpson is now recanting his trial testimony that Ballard pointed the gun at him and fired, Ballard cannot establish that no reasonable juror would have convicted him if advised of Simpson's recantation. There were over 30 witnesses testifying on the State's behalf at trial, with multiple witnesses corroborating Simpson's trial testimony. These included neighbors, drivers on the roadway, newspaper reporters, other people at the residence, and law enforcement officers. Multiple witnesses contradicted Simpson's version of the events—although most agree Ballard got out of his car, approached Simpson, and fired a shot into the house where Simpson was standing causing Simpson to fall back against the door. One of the State's witnesses even implicated Simpson as the primary aggressor.

Simpson testified at trial that he previously lied during the preliminary hearing because he was concerned for his and his family's safety. He read portions of the preliminary hearing transcript and admitted to perjuring himself, and he then explained that he chose to testify against Ballard at trial because it was the truth and that he would keep telling the truth even after being released from being held in jail on the material witness subpoena. The jury knew of Simpson's changing stories. Even so, the jury weighed the conflicting evidence and still convicted Ballard of attempted first-degree murder of Simpson.

So even assuming that Simpson is seeking to retract his trial testimony and such retraction is trustworthy, Ballard fails to show that no reasonable juror would have convicted him given the remainder of the evidence presented at trial.

Affirmed.