NOT DESIGNATED FOR PUBLICATION

No. 123,525

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ZABRIEL L. EVANS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed March 25, 2022. Affirmed.

*Zabriel L. Evans*, appellant pro se.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HURST, P.J., GARDNER, J., and PATRICK D. MCANANY, S.J.

PER CURIAM: Zabriel L. Evans is currently serving a 620-month prison sentence for aggravated burglary, rape, aggravated criminal sodomy, and theft. Evans appealed his convictions and sentences, and this court affirmed in *State v. Evans*, No. 95,276, 2007 WL 1042136 (Kan. App.) (unpublished opinion), *rev. denied* 284 Kan. 948 (2007). The mandate was issued on September 28, 2007.

Evans then pursued a timely motion for relief under K.S.A. 60-1507. The district court denied Evans' motion, and this court affirmed. *Evans v. State*, No. 103,306, 2011

1

WL 1004609, at *1, 5 (Kan. App.) (unpublished opinion), *rev. denied* 293 Kan. 1105 (2011).

In August 2020, Evans filed several pro se motions, including his current misguided K.S.A. 60-1507 motion which is the subject of this appeal. Evans' legal theories harken back to the heyday of the *posse comitatus* and the notion of the sovereign citizen. To the extent some of Evans' misguided claims can be unraveled, he claimed:

- The State maliciously prosecuted him in a foreign jurisdiction under admiralty and maritime law;
- The State failed to inform him of the commercial nature and cause of the crimes charged against him, for which his remedy comes from the UCC;
- The State stole his "'intellectual property'" and used his social security number for profit without his consent; and
- The State tried to shift the burden of proof, requiring Evans to prove his innocence.

The district court summarily denied Evans' K.S.A. 60-1507 motion, finding it to be "legally incoherent." Evans filed his notice of appeal in September 2020. Thereafter, Evans filed in the district court a "Notice of Understanding and Intent and Claim of Right" in December 2020 and in January 2021 a "Motion for New Trial or Vacated Sentence." It does not appear that either of these was addressed by the district court.

On appeal, and as best we can determine, Evans appears to assert:

- His social security number was a maritime insurance contract creating maritime jurisdiction;

2

- The State presumed some sort of contractual relationship existed between Evans and the State;

- The State maliciously prosecuted Evans when he was actually innocent;

- The State violated Evans' right to equal protection of the law by failing to inform him of the commercial nature and cause of the crimes charged, which "denied him his right to counter-claim";

- His due process rights were violated "when the State of Kansas, a fictitious entity, [was] allowed to charge, try, and convict using Admiralty and Maritime law, rules and procedures without notice to the defendant while preparing a defense"; and

- The State's charging document was a "fictitious charging instrument that [the State] did then enter into Record in which [the] district court back-dated all Signatures and Notary stamps in [its] attempt to cure their Dishonor pursuant to K.S.A. 84-3-502."

The district court has three options when addressing a K.S.A. 60-1507 motion:

"'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citations omitted.]" *White v. State*, 308 Kan. 491, 504, 421 P.3d 718 (2018).

When the district court summarily denies a K.S.A. 60-1507 motion, our review is de novo to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018). In our de novo review of Evans' motion, we consider whether the

3

motion was untimely or successive, either of which would bar further consideration of the motion.

*Untimeliness*

A defendant has one year from when a direct appeal becomes final to file a motion under K.S.A. 60-1507(a). K.S.A. 2020 Supp. 60-1507(f)(1). Here, the mandate from Evans' direct appeal was issued on September 28, 2007. Evans had until September 27, 2008, to file a timely K.S.A. 60-1507 motion. See *White*, 308 Kan. at 492 ("A motion under K.S.A. 60-1507 must be filed within one year of specified events—here, within one year of the mandate.").

The district court may extend this one-year time limit only to prevent manifest injustice. K.S.A. 2020 Supp. 60-1507(f)(2). To find manifest injustice under this statute, courts are "limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2020 Supp. 60-1507(f)(2)(A).

Here, Evans' manifest injustice claim turns on whether he has a colorable claim of actual innocence. He raises no explanation for his late filing. A claim of actual innocence "requires the prisoner show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2020 Supp. 60-1507(f)(2)(A).

Evans' actual innocence claim is not based on the assertion that new evidence proving his innocence has been discovered. Rather, he claims that the State failed to submit for DNA testing all the samples and swabs that were collected from the victim and which were known at trial.

4

In his direct appeal, the court noted that while DNA found on a swab of the victim's breast was consistent with Evans' DNA profile, the victim's hair samples and swabs of her mouth and genitals had been collected but not tested. *Evans*, 2007 WL 1042136, at *2. By their very nature, these untested samples are not "newly discovered" evidence. As to these samples, Evans has known about them since his trial. Thus, he cannot meet the requirements of K.S.A. 2020 Supp. 60-1507(f)(2)(A) for a colorable claim of actual innocence. Moreover, in convicting Evans, the jury heard testimony that some samples had been tested and others had not. Thus, he cannot show that it is more likely than not that the jury would have acquitted him based on this claim. The jury convicted him while knowing that some samples had not been tested. Evans fails to establish a colorable claim of actual innocence. Thus, his motion is barred for being untimely.

*Successiveness*

A sentencing court is not required "to entertain a second or successive motion for similar relief on behalf of the same prisoner." K.S.A. 2020 Supp. 60-1507(c); *Beauclair*, 308 Kan. at 304. "A movant in a K.S.A. 60-1507 motion is presumed to have listed all grounds for relief, and a subsequent motion need not be considered in the absence of a showing of circumstances justifying the original failure to list a ground." *State v. Trotter*, 296 Kan. 898, Syl. ¶ 2, 295 P.3d 1039 (2013).

To avoid a dismissal of a second or successive K.S.A. 60-1507 motion, the movant bears the burden of establishing exceptional circumstances. Exceptional circumstances are unusual events or intervening changes in the law that prevented the defendant from raising an issue in a prior K.S.A. 60-1507 motion. *Beauclair*, 308 Kan. at 304. Evans has the burden to show exceptional circumstances prevented him from raising his current grounds for relief in his first K.S.A. 60-1507 motion. See 308 Kan. at 304.

Evans does not allege unusual events or intervening changes in the law that prevented him from raising his current grounds for relief in his prior K.S.A. 60-1507 motion. Nor does he provide any rationale to explain why the claims made in his current K.S.A. 60-1507 motion could not have been raised in his original K.S.A. 60-1507 motion. We have already addressed the DNA issue. The claims Evans now raises appear to be related to the charging document; his social security number; and the use of admiralty and maritime law, contract law, and the UCC—all of which were known to Evans and could have been raised in his original K.S.A. 60-1507 motion. Raising these issues now renders his current motion successive.

Our independent review of the record shows that Evans' motion is both untimely and successive. The district court did not err in summarily denying relief on the motion.

Affirmed.