NOT DESIGNATED FOR PUBLICATION

No. 125,903

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

SHAWN HOLLOWAY,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Submitted without oral argument. Opinion filed March 22, 2024. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before GREEN, P.J., HILL and CLINE, JJ.


PER CURIAM: Shawn A. Holloway appeals the denial of his second K.S.A. 60-1507 motion that was filed four years after the termination of appellate jurisdiction. The district court summarily denied the motion without a hearing because Holloway did not establish manifest injustice for an extension of time to file the motion and he did not show exceptional circumstances to justify a second chance to collaterally attack his convictions and sentence. Our review of the record compels us to affirm the district court's order of dismissal.

1

*A plea bargain ended Holloway's prosecution.*

Holloway pled guilty to attempted murder in the second degree, a severity level 3 person felony, and aggravated battery, a severity level 4 person felony, for crimes committed in May 2016. The plea agreement provided that Holloway waived "his right to appeal or collaterally attack the conviction, sentence or terms of this plea agreement."

Holloway moved to depart from his presumptive sentence. The district court denied the motion and sentenced Holloway to 143 months in prison. Holloway appealed, claiming his criminal history was improperly used during sentencing. The Kansas Supreme Court, on motion for summary disposition by Holloway, summarily dismissed the appeal in 2018.

Later in 2018, Holloway submitted three pro se motions to the district court: (1) A motion to withdraw his plea because he received an illegal sentence; (2) a motion to correct illegal sentence under K.S.A. 22-3504; and (3) a motion to challenge sentence under K.S.A. 60-1507 and K.S.A. 22-3504. The district court denied all the motions because they lacked merit and because Holloway "waive[ed] his right to appeal or collaterally attack his convictions, sentences, or terms of the plea agreement." Holloway did not appeal the decision.

In July 2022, Holloway filed a second motion under K.S.A. 60-1507 raising four claims:

(1) His convictions were multiplicitous because aggravated battery is a lesser included offense of attempted second-degree murder;

(2) He received an illegal sentence based on multiplicitous convictions;

2

(3)  The complaint/information was defective because the essential element of intent was missing in the attempted second-degree murder charge; and

(4)  He received ineffective assistance of trial and appellate counsel.

The district court dismissed the second motion without a hearing, finding that the motion was untimely and successive. The court held that there were insufficient showings of manifest injustice and no exceptional circumstances. In its order, the court stated that Holloway "is not alleging new evidence or a change in the law," and given the motion was Holloway's second K.S.A. 60-1507 motion, he failed to "establish exceptional circumstances" to justify the successiveness.

*Holloway's motion was untimely filed.*

The Legislature has established a legal framework for the courts to use when dealing with prisoners' collateral attacks on their convictions. There is a time limit for filing the attack, and there are limited grounds to exceed that limit. A prisoner has one year from when a conviction becomes final to file a motion under K.S.A. 2022 Supp. 60-1507(a). K.S.A. 2022 Supp. 60-1507(f)(1). The one-year time limitation may be extended by the district court only to prevent a manifest injustice. K.S.A. 2022 Supp. 60-1507(f)(2). "A defendant who files a motion under K.S.A. 60-1507 outside the one-year time limitations in K.S.A. 60-1507(f) and fails to assert manifest injustice is procedurally barred from maintaining the action." *State v. Roberts*, 310 Kan. 5, 13, 444 P.3d 982 (2019) (quoting *State v. Trotter*, 296 Kan. 898, Syl. ¶ 3, 295 P.3d 1039 [2013]).

The grounds for allowing a motion filed outside the time limit focus on one subject---whether there is manifest injustice. District courts are "limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2022 Supp. 60-

1507(f)(2)(A). The Legislature provided that actual innocence means that the prisoner must "show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2022 Supp. 60-1507(f)(2)(A).

If a court determines that manifest injustice exists, it must state the factual and legal basis for such a finding. K.S.A. 2022 Supp. 60-1507(f)(2)(B). Even so, courts are to dismiss a motion as untimely filed if after inspection of the motion, files, and records of the case the court determines that the motion exceeds the time limitations and that dismissing the motion would not equate with manifest injustice. K.S.A. 2022 Supp. 60-1507(f)(3).

*Holloway fails to show manifest injustice.*

To overcome the four-year delay after the termination of appellate jurisdiction, Holloway had to establish the manifest injustice requirement. Holloway provided several reasons in his pro se motion which he believes warrant an extension of time to file a motion for relief under K.S.A. 60-1507. These reasons largely centered on—as the State characterized it—Holloway's "complaints about the district court's denial of his previous 1507 motion."

In response, the State argued that while Holloway acknowledged the untimeliness issue, he did not establish exceptional circumstances as to why he failed to file his motion within the time frame. Thus, the State concluded that Holloway did not show manifest injustice or a claim of actual innocence.

The district court substantially adopted the State's response in the "Order denying Movant's 60-1507 Motion." In fact, the court used the State's argument verbatim in its holding on the untimeliness issue. The district court held that Holloway failed to show manifest injustice or a claim of actual innocence.

4

Holloway asserted in his brief that he "set forth what he believes to be a colorable claim of actual innocence, *i.e.*, factual, not legal, innocence," in his pro se motion. He later states that the merits of his claims "raise substantial issues of law and fact deserving of the district court's consideration," and thus he demonstrated manifest injustice "or, at least, sufficient facts to warrant an evidentiary hearing on the issue."

Holloway has failed to show manifest injustice or a colorable claim of actual innocence. Holloway did not explain or justify the four-year delay in filing the motion at issue in this proceeding. In addition, Holloway failed to appeal the district court's denial of his previous K.S.A. 60-1507 motion filed in December 2018 and denied as untimely in February 2019. He provides no persuasive reasons or circumstances for the three years that lapsed between the district court's denial of his first motion and the filing of his second motion. Finally, because Holloway failed to establish manifest injustice would result without an extension of time to file his motion, the district court properly denied Holloway's motion as untimely.

Affirmed.