NOT DESIGNATED FOR PUBLICATION

No. 126,357

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STEVEN KENT BLOOM,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee.*

MEMORANDUM OPINION

Appeal from Shawnee District Court; C. WILLIAM OSSMANN, judge. Submitted without oral argument. Opinion filed July 19, 2024. Affirmed.

*Steven Kent Bloom*, appellant pro se.

*Jodi Litfin*, deputy district attorney, *Michael F. Kagay*, district attorney, and *Kris W. Kobach*, for appellee.

Before ARNOLD-BURGER, C.J., BRUNS and SCHROEDER, JJ.

PER CURIAM: Steven Kent Bloom was convicted in 2000 of intentional second-degree murder. Bloom now timely appeals from the district court's summary denial of his K.S.A. 60-1507 motion filed in 2023. Bloom, in his pro se brief, seems to assert the district court should have held an evidentiary hearing on his claims of ineffective assistance of counsel, prosecutorial error, actual innocence, and other trial errors. After a thorough review of the record, we find the district court was correct in denying Bloom's K.S.A. 60-1507 motion. We affirm.

1

In July 2000, Bloom was convicted of intentional murder in the second degree, committed in October 1998. The district court sentenced Bloom to life imprisonment with the possibility of parole after 10 years. Bloom filed a direct appeal, and our Supreme Court affirmed Bloom's conviction and sentence. *State v. Bloom*, 273 Kan. 291, 313, 44 P.3d 305 (2002).

Over the years, Bloom has continued to file many pro se motions and approximately 25 appeals. Relevant to this appeal, Bloom filed a K.S.A. 60-1507 motion in March 2023. Bloom also filed a motion for hearing claiming manifest injustice, motion for evidentiary hearing, and motion showing manifest injustice. To the extent the motions can be deciphered, Bloom seems to assert several claims of ineffective assistance of counsel and prosecutorial error. Bloom reasons his motion was untimely because he was misled as a pro se inmate and thereby denied the opportunity to file a timely K.S.A. 60-1507 motion.

ANALYSIS

It appears to us Bloom is primarily arguing ineffective assistance of counsel, prosecutorial error, actual innocence, and various other trial errors. Bloom asks us to remand the case to the district court to conduct a full evidentiary hearing.

When the district court summarily denies a K.S.A. 60-1507 motion, we conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018). Bloom, as the movant, bears the burden to establish his K.S.A. 60-1507 motion warrants an evidentiary hearing by alleging more than conclusory contentions. See *Noyce v. State*, 310 Kan. 394, 398, 447 P.3d 355 (2019).

*Bloom Failed to Timely File*

There is no dispute that this motion was untimely. And the only way to extend the one-year time limit provided in K.S.A. 2023 Supp. 60-1507(f)(1) is if Bloom can establish that the failure to consider the motion would result in manifest injustice. If Bloom fails to affirmatively assert manifest injustice, then he is procedurally barred from maintaining the action. See *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013). To find manifest injustice, courts are "limited to determining why the [movant] failed to file the motion within the one-year time limitation or whether the [movant] makes a colorable claim of actual innocence." K.S.A. 2023 Supp. 60-1507(f)(2)(A).

Bloom suggests his current motion—filed 20 years after his first motion—was untimely filed because he was misled by the district court. In support of his argument, Bloom cites an August 2003 letter from a district judge:

> "Your motion for production of trial records has been forwarded to me for response.
> "Your case has been through the appeals process and your appeal has been denied. Therefore, this Court will not consider any further post-trial motions filed by you
> . . . .
> "Anything further that you send to the Clerk's office will be placed in your court file but will not receive a response."

The district court's most recent memorandum and decision denying Bloom's K.S.A. 60-1507 motion noted the above-referenced letter was written in response to Bloom's many filings requesting trial exhibits and records and did not advise Bloom he could not file a postconviction habeas motion. Even if we agree the letter might have been confusing to Bloom, it did not stop him from filing his first 60-1507 motion in June 2004. The district court also indicated Bloom failed to explain why he waited 20 years to file this motion. Bloom could have refiled his 2004 K.S.A. 60-1507 motion in the proper

3

venue after his original motion in Leavenworth County was denied for improper venue. Bloom's K.S.A. 60-1507 motion is untimely, given more than 20 years have passed since the mandate was issued.

*Bloom Makes No Claim of Actual Innocence*

Bloom testified at the trial. He admitted to shooting the victim but argued he did not intend to kill the victim. He did not know the gun was loaded, and it went off as he was stumbling around after the victim cut him in the leg. He claimed self-defense, and the jury was instructed on self-defense.

He presents two arguments to support manifest injustice. First, he claims to have discovered letters that show a witness submitted perjured testimony. But, as the district court noted, those letters were not newly discovered evidence. In fact, the letters were written by Bloom, sent to the victim's family, and admitted during the trial. His claim fails.

Second, he presents several allegations of trial error and ineffective assistance of counsel. Again—as noted by the district court—none of his claims support a colorable claim of actual innocence but are mere trial errors that could have been raised in his direct appeal. At this stage of the proceeding, we do not address the merits of any underlying claims other than whether those claims could point to his innocence.

In sum, all the evidence supporting his defense was before the jury. Bloom presents no other evidence to support his exoneration, i.e. a colorable claim of actual innocence. Bloom is procedurally barred from maintaining this action. See K.S.A. 2023 Supp. 60-1507(f)(1).

Affirmed.